MARY AGNES MERKER, *et vir*, v. LAKE REGION PACKING ASSOCIATION.

172 So. 702.
Opinion Filed March 31, 1936.
On Rehearing January 8, 1937.

*Whitfield, Wright & Whitfield,* for Appellants;
*Duncan, Hamlin & Duncan* and *John S. Lavin,* for Appellee.

BUFORD, J.—The appeal here is from a final decree of foreclosure of a chattel mortgage made and executed by the appellants to a bank to secure the payment of a note upon which the appellee became surety.

The appellant, Mary Agnes Merker, the owner of the property mortgaged, was the owner of a citrus grove and had an agreement with appellee to gather, pack, ship and sell her citrus fruit. In connection with the growing of the fruit certain advances were made by the appellee to the owner, Mary Agnes Merker, and charged to her on open account. Appellee credited the proceeds from the fruit on the open account and after it was required to pay the note to the bank sued to foreclose the mortgage.

The appellant contended that because of the provision in the mortgage, as follows: "Now, for the purpose of securing the party of the second part on its endorsement of said note, or any renewals thereof, until the debt evidenced thereby is fully paid, the party of the first part hereby conveys and pledges to the party of the second part all of the crops of Citrus fruits, growing or hereafter to be grown, on the property of the party of the first part in Lake County, Florida, described as follows: 'Lots 28 and 29 and West half of lots 27 and 30; all in Section 13, Twp. 20 SR 26 East, according to plat of Victoria Settlement, recorded in plat book B at page 36, public records of Lake County, Florida;' containing 30 acres of which 26 acres are planted to citrus, all of said property valued at $25,000.00. Said crop consists of approximately 2200 boxes, as follows: 1200 boxes oranges, 400 boxes grapefruit, 600 boxes tangerines, hereby giving to the party of the second part the right, when said crops mature, and are ready to ship, to enter upon said premises and to pick, gather and ship the same, and to sell said fruit and apply the proceeds thereof to the payment of said note and interest or any balance due on the same, or renewals thereof; scuh right to continue from year to year until said debt and all interest thereon is fully paid."—the appellee was bound to credit the proceeds of the fruit gathered and sold by the appellee on the note secured by this mortgage before applying any of the same to credit on the open account for advances made by appellee to the appellant for the purpose of aiding in producing the crop.

It appears that the lower court construed this provision as being permissive and not directory. As there was nothing in this provision which was apparently intended to abrogate the agreement then and theretofore existing between the

grove owner, Mrs. Merker, and the Packing Association, and as it also appears that both parties acted upon the theory that that agreement continued to exist, we construe the provision above quoted to mean that if and when the surety was required to pay the obligation to the bank it should have the right without process of law, if such may be granted effectively, to take charge of the property described and sell the same for the account of the debtor. But it did not mean that in the event the surety was required to pay that obligation it would be required to credit proceeds of fruit sales on that obligation before crediting such proceeds upon amounts due directly from the groveowner to the Packing Association, the Packing Association being the surety referred to.

The law applicable in this jurisdiction to situations such as this was stated by Mr. Justice Ellis in the case of Alford, *et al.*, v. Leonard, etc., 88 Fla. 532, 102 Sou. 885, as follows:

"The rule as to the application of payments in this State is: that the debtor who makes the payment may at the time direct its application to what account or item of indebtedness he wishes and if he fails to do so the creditor may at such time make application of the payment as he desires, and if neither the debtor nor creditor at the time of payment makes any application thereof the law will appropriate it to the items of indebtedness according to the justice of the case having in view the interests of third persons interested. See Battle v. Jennings Naval Stores Co., 74 Fla. 12, 75 South. Rep. 949; Petroutsa v. H. C. Schrader Co., 76 Fla. 574, 80 South. Rep. 486; Consolidated Naval Stores Co. v. Wilson, 82 Fla. 396, 90 South. Rep. 461."

It is further contended by the appellant that the rule stated in the case of Randall v. Pettes, 12 Fla. 517, as

follows: "It is equitable to apply payments first to extinguish those debts for which the security is most precarious. 7 Cranch 572; 6 Cr. 8."—controls in this State. That enunciation may be entirely applicable where the debtor has directed that the payment shall be first applied to such debts. It is also said in that case that, "If the debtor waive his right to direct the application of a payment, a court of equity will not disturb it."

In other words, if the debtor waive his right to direct the application of a payment to be applied to the debt which is best secured and the creditor apply it otherwise and not contrary to the direction of the debtor, the court will not disturb the application.

Whether or not the decree appealed from should be reversed in the final analysis depends upon whether or not it is supported by the evidence. A perusal of the record discloses ample substantial evidence to support the decree and as it is not made to appear that the Chancellor did not apply correct principles of law in arriving at the conclusions reached, the decree should be affirmed and it is so ordered.

Affirmed.

WHITFIELD, C. J., and TERRELL, BROWN and DAVIS, J. J., concur.

ON PETITION FOR REHEARING.

PER CURIAM.—Upon petition for rehearing it has been made to appear that the Court in deciding the case on the original hearing did not consider the seventh, eighth and ninth assignments of error, under which appellants claim credit for $223.42 due Mrs. Mary A. Merker, one of the appellants, on account of a refund certificate signed and executed by Lake Region Packing Company to her before

its reorganization. This proposition was not touched upon in the original opinion.

Upon consideration of the seventh, eighth and ninth assignments of error, it is the conclusion of the Court that when the Lake Region Packing Company reorganized its affairs, its successor, having taken over all of its asests, became then in duty bound to carry out said retain certificate in favor of appellee, Mary A. Merker, when said appellee refused to accept an interest in the new organization in substitution for her interest in the old one under said refund certificate. Therefore, in settling and adjusting its accounts with Mrs. Merker, the Lake Region Packing Company as successor to the preceding organization, should have credited Mrs. Merker's accounts with the refund due her under said retain cetificate amounting to $223.42. This admittedly was not done. So the decee below is erroneous to the extent that said retain certificate, with interest, had been disallowed or disregarded as a credit on the Mary A. Meeker account.

Upon petition for rehearing the decree of affirmance by the Court is modified as to the seventh, eighth and ninth assignments of error and the cause remanded, with directions to reform the final decree to accord with the holding of this opinion. Costs of this appeal to be divided equally between appellants and appellee.

WHITFIELD, C. J., and ELLIS, TERRELL, BROWN, BUFORD and DAVIS, J. J., concur.