BURTON SWARTZ LAND CORP. v. COMMISSIONER OF INTERNAL REVENUE.

No. 13828.

United States Court of Appeals Fifth Circuit.

July 24, 1952.

Edward McCarthy, Jacksonville, Fla., for petitioner.

Joseph F. Goetten, Ellis N. Slack, A. F. Prescott, Fred E. Youngman, Sp. Assts. to Atty. Gen., Theron Lamar Caudle, Asst. Atty Gen., and Charles Oliphant, Chief Counsel, and John M. Morawski, Sp. Atty., Bureau of Internal Revenue, Washington, D. C., for respondent.

Before HOLMES, STRUM and RIVES, Circuit Judges.

STRUM, Circuit Judge.

This is a petition to review a decision of the tax court entered January 26, 1951, sustaining the Commissioner of Internal Revenue in determining an aggregate deficiency of $21,306.25 in petitioner's personal holding company surtaxes for 1944, 1945, and 1946; imposing delinquency penalties aggregating $5,326.46 for failure to file returns for those years; and disallowing a deduction for interest in the sum of $4,753.11, claimed by petitioner on its income and excess profits tax return for 1945.

Conceding that the Commissioner properly determined it to be a personal holding company within Sec. 501 of the Internal Revenue Code, 26 U.S.C.A. § 501, and that it should have submitted a personal holding company return for the years in question, petitioner did not resist payment of the surtax, but does object to the penalty imposed pursuant to Sec. 291 of the Internal Revenue Code, 26 U.S.C.A. § 291, for wilful neglect in failing to make the returns. Petitioner also asserts that disallowance of the interest was erroneous.

As to the penalty: Petitioner is a Louisiana corporation organized in 1937 to hold title to lands in that state. Prior to 1944, petitioner's income was relatively small, and derived solely from land rentals. In 1944, however, oil was discovered on its lands, resulting in an increasingly large income from oil royalties. In 1944, petitioner reported income from rents of $8,427.78, and from royalties $4,025.17; in 1945, rents $1,089.66, and royalties $17,288.46; and in 1946, rents $1,272.08, royalties $29,087.12.

Atlantic National Bank of Jacksonville, as trustee of a testamentary trust, holds roughly 90% of petitioner's capital stock, and manages its fiscal affairs, including the preparation and filing of tax returns. The bank itself does not prepare these returns, but since 1937 has employed an independent certified public accountant to do so. This accountant has prepared petitioner's returns for each of the years since 1937, including the years in question. The accountant is duly admitted to practice before the Treasury Department, and has been practicing public accountancy since 1920. During 1945, he prepared about 180 individual and corporate income tax returns for clients. His competence, skill, and experience are fully established by evidence.

While petitioner's tax returns for the year 1944 were being prepared, the bank's trust officer who had charge of petitioner's affairs, inquired of the accountant whether or not a personal holding company return should be submitted for petitioner. This question was discussed between the bank's trust officer and the accountant more than once. Each time, the accountant advised the trust officer that because of the nature of petitioner's income, it was not a personal holding company, and no such return was required. Relying upon this advice, no personal holding company return was filed for the years 1944, 1945 and 1946 at the time required by law.

Later, however, in August, 1947, the bank's trust officer, after talking with the bank's attorney, renewed the discussion with the accountant, with the result that the accountant then advised that he had been mistaken; that petitioner was a personal holding Company; and that returns should be filed, which was then done.

The Commissioner subsequently re-determined petitioner's taxes for those years, and not only imposed the above mentioned surtaxes, but also a delinquency penalty under I.R.C. § 291 for failure to file the returns. He also disallowed the above mentioned interest deduction.

■ Petitioner's omission to file personal holding company returns was due, not to inattention, but to the advice of the accountant that no such returns were necessary. The bank, acting for petitioner, relied upon that advice. It appears that the accountant was competent, was fully conversant with petitioner's stock ownership, and with the nature, source, and amount of its income, having prepared its tax returns each year since its organization in 1937. He had access to all of petitioner's business records. It is now well settled that the advice of a competent accountant constitutes "reasonable cause" for failure to file a tax return, and that a taxpayer who in good faith acts upon such advice, after full disclosure to the accountant, is not guilty of wilful neglect. Such a taxpayer will not be penalized for the accountant's error. It has been so held by the tax court itself. In re: Raymep Realty Corp., 7 T.C.Memo.Dec. 262, C.C.H.Dec. 16376(M); T.C.Memo. Dec.Serv. par. 48069 (1948): In re: Safety Tube Corp., 8 T.C. 757, 762; In re: Electroline Sales Co. v. Commissioner, T. C.Memo.Docket No. 24639, decided January 30, 1951; Prentice-Hall T.C.Memo. Serv. par. 51032. See also Hatfried v. Commissioner, 3 Cir., 162 F.2d 628; Orient Inv. and Finance Co. v. Commissioner, 83 U.S.App.D.C. 74, 166 F.2d 601, 3 A.L.R. 2d 612; Haywood Lumber and Mining Co. v. Commissioner, 2 Cir., 178 F.2d 769; Walnut Street Co. v. Collector, D.C.Ky., 83 F.Supp. 945. See also Annotation, 3 A.L.R. 625.

In acting for petitioner in these matters, the bank was guilty of no neglect. On the contrary, it acted in good faith, and with reasonable prudence. The Commissioner's imposition of a delinquency penalty for the three years in question was erroneous, as was the decision of the tax court in sustaining it.

As to the interest: When organized in December, 1937, petitioner acquired from its predecessor Burton-Swartz Cypress Company certain timber lands in Louisiana, which petitioner paid for with its capital stock. According to the minutes of its directors' meeting held September 13, 1946, petitioner should have assumed, on December 31, 1937, an indebtedness of $88,623.85 owing by the Cypress Company to Atlantic National Bank of Jacksonville, as trustee, but did not then formally do so. This indebtedness was incurred by petitioner's predecessor from time to time between August 1, 1928, and December 31, 1937, when petitioner took over.

Up to September 13, 1946, petitioner's books did not reflect this indebtedness, nor the accrued interest thereon. Pursuant to a resolution adopted at its directors' meeting on September 13, 1946, however, this indebtedness was then formally assumed and set up on petitioner's books, and interest accrued thereon at the rate of 5% per annum. According to petitioner's computation, interest thus accrued on its books for 1945 amounted to $4,753.11, the sum here sought to be deducted.

Prior to December 15, 1945, petitioner had made no interest payments on this indebtedness. On that day, however, petitioner drew its check, payable to Atlantic National Bank of Jacksonville, as trustee under the will of Katherine Ella Burton, deceased, in the sum of $15,000, which was recited on the check stub to be "payment on account of 'accumulated' interest on indebtedness to Burton Trust." No specific direction was given as to how the payment should be applied. The bank recorded in its ledger that the payment was "on account of 'accumulated' interest from accounts receivable from Burton Swartz Land Company (petitioner)."

■ We are in accord with the tax court's decision that the $15,000 interest payment was intended, and should be applied, in payment of the interest accruing prior to December 31, 1937, on the obligation of Burton-Swartz Cypress Company assumed by petitioner as of December 31, 1937, that being the oldest obligation. The Commissioner's determination to

that effect, and the tax court's affirmance, are presumptively correct. The burden is upon petitioner to overthrow it.

The amount of said accumulated and past due interest exceeded the $15,000 payment of December 15, 1945. There is nothing to indicate that when this payment was made, petitioner directed or intended that any portion of it should be applied in payment of interest accruing in 1945. The entries on the check stub, and in the books of the recipient bank, rather indicate the contrary. Lincoln Storage Warehouses v. Commissioner, 3 Cir., 189 F.2d 337. Compare P. G. Lake, Inc. v. Commissioner, 5 Cir., 148 F.2d 898; Anthony P. Miller, Inc. v. Commissioner, 3 Cir., 164 F.2d 268, 4 A.L.R.2d 1219.

It is the law of Florida, where this payment was made, that the debtor first, and next the creditor, may designate the debt to which a payment shall be applied, and if neither makes application thereof, the law will apply it "according to the justice of the case". Merker v. Lake Region Packing Ass'n, 126 Fla. 589, 172 So. 702, 704.

To apply the $15,000 interest payment to the older obligation appears to us to be in accordance with both the justice of the case and the contemporaneous intent of the parties.

Affirmed as to the disallowance of interest; reversed as to penalty.