## COMMISSIONER OF INTERNAL REVENUE v. AMERICAN ASS'N OF ENGINEERS EMPLOYMENT, Inc.

### No. 10725.

United States Court of Appeals
Seventh Circuit.

May 11, 1953.

H. Brian Holland, Asst. Atty. Gen., and Dudley J. Godfrey, Jr., Ellis N. Slack, A. F. Prescott and Louise Foster, Sp. Assts. to Atty. Gen., for petitioner

John W. Hughes and Harold R. Burnstein, Chicago, Ill., for respondent.

Before MAJOR, Chief Judge, and FINNEGAN and SWAIM, Circuit Judges.

SWAIM, Circuit Judge.

This case involves a petition by the Commissioner of Internal Revenue to review a decision of the Tax Court of the United States which approved a determination by the Commissioner of deficiencies totaling $7,179.86 in the taxpayer's income tax, declared value excess profits tax and excess profits tax for the years 1939 to 1943, both inclusive, but disapproved the 25 per cent penalty imposed by the Commissioner on these deficiencies for failure of the taxpayer to file returns on time without reasonable cause.

The following facts are disclosed by the stipulation of facts filed by the parties before the Tax Court and by the findings of fact made by the Tax Court: The taxpayer was incorporated under the laws of Illinois on May 17, 1923, with nine authorized and outstanding shares of no-par and no-stated value stock, all of which shares are held and owned by the tax exempt American Association of Engineers. The Association is exempt from federal income taxes as a business league under 26 U.S.C.A. § 101(7). The taxpayer's incorporation papers state that the object for which it was formed was "to procure and provide employment for professional engineers." The taxpayer's books show profits for the years 1939 to 1943, but no federal tax returns were filed by the taxpayer for those years because the taxpayer believed, in good faith and on the advice of reputable counsel, that, under the rule announced in Roche's Beach, Inc. v. Commissioner, 2 Cir., 96 F.2d 776, it was exempt under § 101(7).

The taxpayer's activities were all in the engineering field. It operated an employment agency for engineers, charging fees for finding positions for such engineers. The charge the taxpayer made for this service to members of the American Association of Engineers was 50 per cent less than its charge to non-members. The taxpayer also made surveys of engineering conditions, gave vocational guidance, assisted employers in finding the right engineer to fill a particular position and assisted the Army and Navy in locating engineers for all types of positions. During the period here in question the taxpayer rendered services annually to between 1,500 and 2,500 applicants for positions as engineers.

The counsel on whose advice the taxpayer relied as to its exemption from federal tax liability was an attorney who had specialized in federal taxation for over 25 years. The Tax Court found that this attorney had been counsel in over 100 tax cases in the Supreme Court of the United States, the Court of Appeals, the Court of Claims, the Board of Tax Appeals and the Tax Court of the United States. The Tax Court also found that this attorney rendered a written opinion to the taxpayer in which he advised that it was an exempt corporation and was not required to file federal tax returns.

The taxpayer also filed a petition in this court to review the decision of the Tax Court on the question of its exemption from federal taxes. But, since the hearing on these petitions in this court, the taxpayer filed a motion to dismiss its petition and that motion was granted. There is, therefore, left for our consideration only the question of whether the Tax Court correctly decided that the Commissioner should not have assessed penalties against the taxpayer because of its failure to file returns.

Title 26 U.S.C.A. § 291, provides that for failure to make and file returns within the time prescribed by law penalties shall be added "unless it is shown that such failure is due to reasonable cause and not due to willful neglect". The Tax Court expressly found that the failure of the taxpayer to file returns here was "due to the belief, in good faith and on the advice of a reputable tax attorney, that petitioner was an exempt corporation and was not willful."

The Commissioner contends that the evidence does not sustain this finding. As we pointed out above, the parties stipulated before the Tax Court that the taxpayer's tax counsel was an attorney who had specialized in federal taxation for more than 25 years and that he had had wide experience

 

in tax cases before the courts. In Haywood Lumber & Mining Co. v. Commissioner, 2 Cir., 178 F.2d 769, 771, the court said:

"When a corporate taxpayer selects a competent tax expert, supplies him with all necessary information, and requests him to prepare proper tax returns, we think the taxpayer has done all that ordinary business care and prudence can reasonably demand."

In Burton Swartz Land Corp. v. Commissioner, 5 Cir., 198 F.2d 558, a corporate taxpayer did not file returns on the advice of a competent tax accountant. In finding that in such a case the imposition of penalties was not proper, the court said, 198 F.2d at page 560:

"It is now well settled that the advice of a competent accountant constitutes 'reasonable cause' for failure to file a tax return, and that a taxpayer who in good faith acts upon such advice, after full disclosure to the accountant, is not guilty of wilful neglect. Such a taxpayer will not be penalized for the accountant's error. (Citing cases.)"

Mr. H. A. Wagner, who was connected with the taxpayer and who had been looking after the service department for 25 years, testified that the petitioner did not file tax returns because, "We were advised by counsel that we were exempt and did not have to file." Mr. Wagner said that their tax counsel gave them this advice in March 1933. This witness also said that the tax counsel he called was Mr. John E. Hughes, Sr., that the witness thought that several years prior to 1933 Mr. Hughes had given them a written opinion stating that the company was exempt but that he (Mr. Wagner) did not know where the written opinion was. While this testimony was rather meager, there was no denial of it in any way.

Counsel for the Commissioner contends that since the written opinion of the attorney was not in evidence, that since the testimony concerning it was not positive, and that since we are not informed as to what the attorney knew about the taxpayer or as to what information the taxpayer had furnished the attorney, we may only consider the attorney's statement that the taxpayer was exempt as an informal opinion on which the taxpayer should not have relied.

The parties stipulated and the Tax Court found that Mr. Hughes was the taxpayer's tax counsel and that he was a reputable attorney who had specialized in federal taxation and who had had wide experience in that field. The taxpayer had not changed its purpose nor its method of operation since 1923. The Tax Court could, therefore, properly assume that the taxpayer's counsel was acquainted with its purpose and with its method of operation. The Tax Court could also assume that a reputable and experienced attorney who had a wide practice in the tax field would not render an opinion, either written or verbal, on the question of the liability of a client for federal taxes without being in possession of the facts necessary to determine that question.

We think that this is a case where the taxpayer did all that it was required to do and that it should not be penalized for an error made by its expert tax counsel in deciding a close question of law.

The decision of the Tax Court is affirmed.