**Elinor W. MANNING,
Petitioner-Appellant,**

v.

**COMMISSIONER OF INTERNAL
REVENUE, Respondent-Appellee.**

**No. 79-1418.**

United States Court of Appeals,
First Circuit.

Argued Dec. 3, 1979.

Decided Feb. 11, 1980.

Richard deY. Manning, New York City, with whom Steven R. Hayes, New York City, was on brief, for petitioner, appellant.

James F. Miller, Atty., Tax Division, Dept. of Justice, Washington, D. C., with whom M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, and Helen A. Buckley, Attys., Tax Division, Dept. of Justice, Washington, D. C., were on brief, for respondent, appellee.

Before COFFIN, Chief Judge, CAMPBELL and BOWNES, Circuit Judges.

BOWNES, Circuit Judge.

Petitioner-appellant Elinor W. Manning appeals from the decision of the United States Tax Court finding deficiencies in her

---

federal income tax for the tax years 1972, 1973, and 1974 and assessing delinquency penalties for failure to file tax returns for those years.[1] The two issues she raises on appeal and the arguments supporting them are the same as those already treated and rejected by the Tax Court. We conclude, after a review of the record and the briefs, that the Tax Court's decision was correct, and we affirm for the reasons set out in Judge Tannenwald's comprehensive opinion.

■ In brief, Ms. Manning's first contention is that the alimony she received from her former husband constituted gross income derived from sources within Puerto Rico and, thus, was exempt from federal taxation under I.R.C. § 933.[2] Manning and her former husband became residents of Puerto Rico in 1960. In 1969, they obtained a divorce decree in Puerto Rico, the terms of which included an agreement that the former husband pay Ms. Manning monthly alimony and that the alimony agreement was to be governed by New York law, the new residence of Mr. Manning. Ms. Manning maintains that the alimony is income derived from sources within Puerto Rico, the source being the Puerto Rican divorce decree. Like the Tax Court, we find that this argument is foreclosed by the holdings of *Howkins v. Commissioner*, 49 T.C. 689 (1968); *Lamm v. Commissioner*, T.C.M. 1977–36 (P–H); and *Lamm v. Commissioner*, T.C.M. 1975–95 (P–H). The source of Mr. Manning's *obligation* to pay Ms. Manning is the Puerto Rican divorce decree, but the source of Ms. Manning's *income* is her former husband. *See Howkins, supra*, 49 T.C. at 693. According to I.R.C. § 71,[3] Ms. Manning's gross income includes alimony payments and, because there is no evidence that the alimony came from sources within Puerto Rico, within the meaning of I.R.C. § 933, she is subject to taxation on the alimony she received.

■ Ms. Manning's second argument is that the assessment of a penalty, pursuant to I.R.C. § 6651(a),[4] is a "gross miscarriage of justice" because, she asserts, this is a

---

1.

| Year | Deficiency | Addition to Tax Sec. 6651(a) |
|------|-----------|------------------------------|
| 1972 | $2,897.93 | $724.48 |
| 1973 | 2,919.20 | 729.80 |
| 1974 | 2,727.00 | 681.75 |

The memorandum opinion is reported at 38 T.C.M. 646 (CCH) (July 17, 1979). The Tax Court also determined that Ms. Manning failed to pay taxes on self-employment income for these three years and assessed a penalty on her total tax liability pursuant to I.R.C. § 6651(a).

2. I.R.C. § 933 provides in pertinent part:

§ 933. *Income from sources within Puerto Rico*

The following items shall not be included in gross income and shall be exempt from taxation under this subtitle:

(1) *Resident of Puerto Rico for entire taxable year.*—In the case of an individual who is a bona fide resident of Puerto Rico during the entire taxable year, income derived from sources within Puerto Rico (except amounts received for services performed as an employee of the United States or any agency thereof); but such individual shall not be allowed as a deduction from his gross income any deductions (other than the deduction under section 151, relating to personal exemptions) properly allocable to or chargeable against amounts excluded from gross income under this paragraph.

3. I.R.C. § 71 provides in pertinent part:

(a) General rule.—

(1) *Decree of divorce or separate maintenance.*—If a wife is divorced or legally separated from her husband under a decree of divorce or of separate maintenance, the wife's gross income includes periodic payments (whether or not made at regular intervals) received after such decree in discharge of (or attributable to property transferred, in trust or otherwise, in discharge of) a legal obligation which, because of the marital or family relationship, is imposed on or incurred by the husband under the decree or under a written instrument incident to such divorce or separation.

4. I.R.C. § 6651(a) provides:

(a) *Addition to the tax.*—In case of failure to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), of subchapter A of chapter 51 (relating to distilled spirits, wines, and beer), or of subchapter A of chapter 52 (relating to tobacco, cigars, cigarettes, and cigarette papers and tubes), or of subchapter A of chapter 53 (relating to machine guns and certain other firearms), on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of

case of first impression. The Tax Court was not persuaded by this argument, finding that the *Howkins* and *Lamm* cases squarely addressed her exemption claim. Furthermore, under I.R.C. § 6651(a), as the Tax Court noted, the burden was on Ms. Manning to prove that her failure to file tax returns for three years was due to reasonable cause and not willful neglect. *Sanderling v. Commissioner*, 571 F.2d 174, 178 (3d Cir. 1978); 10 Mertens, Law of Federal Income Taxation § 55.21 at 136 (1976). We agree with the Tax Court's determination that Ms. Manning presented no evidence to meet her burden. As the court pointed out, there was no evidence that Ms. Manning sought and relied on the advice of a competent tax expert concerning this matter. *See Commissioner v. American Association of Engineers Employment, Inc.*, 204 F.2d 19 (7th Cir. 1953) (no penalty where taxpayer was advised by a reputable tax attorney that he did not have to file a tax return); *Fisk v. Commissioner*, 203 F.2d 358 (6th Cir. 1953) (no penalty where taxpayer turned tax information over to his attorney but attorney filed tax return a day late); *Burton Swartz Land Corp. v. Commissioner*, 198 F.2d 558 (5th Cir. 1952) (no penalty where taxpayer was advised by its accountant that no tax was due); *Haywood Lumber & Mining Co. v. Commissioner*, 178 F.2d 769 (2d Cir. 1950) (no penalty where taxpayer was advised by competent tax attorney that it did not have to file returns). While her ex-husband is an attorney and has represented her in connection with this case, Ms. Manning offered nothing in the record to indicate that he advised her that she was entitled to the exemption and that she did not need to file an income tax return for the three years in question.

*The decision of the Tax Court is affirmed.*

such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate.