ESTATE OF JOSEPH ZAVESKY, DECEASED, CAROL HENDERSON, EXECUTRIX, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Estate of Zavesky v. Commissioner
Docket No. 1877-78.
United States Tax Court
T.C. Memo 1981-572; 1981 Tax Ct. Memo LEXIS 174; 42 T.C.M. (CCH) 1300; T.C.M. (RIA) 81572; September 30, 1981. Carol Henderson (executrix), for the petitioner. Francis J. Emmons, for the respondent. FEATHERSTON
MEMORANDUM FINDINGS OF FACT AND OPINION FEATHERSTON, Judge: Respondent determined a deficiency in estate tax in the amount of $ 8,503.92 and an addition to tax under section 6651(a) [1] in the amount of $ 2,125.98. The petition raises no issue with respect to the correctness of the determined deficiency but alleges that respondent erred in determining that petitioner is liable for the addition to tax. The issue is whether a delinquency in filing the estate tax return was due to reasonable cause and not willful neglect within the meaning of section 6651(a). FINDINGS OF FACT Joseph *175 Zavesky (hereinafter referred to as decedent or petitioner's father) died on July 23, 1973. Carol Henderson (petitioner), a legal resident of Whiting, Indiana, when the petition was filed, is one of decedent's daughters and in decedent's will was named executrix. She accepted the appointment and continued to serve through the date of the trial. Petitioner was 24 years of age when her father died in 1973. She had completed high school and had thereafter received one year of technical school training as an x-ray technician. She later worked outside her home for a total of approximately 8 months. Neither her education nor her work experience gave her any knowledge or understanding of the estate tax laws. Petitioner's grandfather died some time prior to decedent's death, and decedent served as executor of the estate. Decedent was an alcoholic and petitioner assisted her father generally in handling the estate. She saw that her father met with the lawyer handling her grandfather's estate when such meetings were needed. She also signed some of the necessary papers prepared by the lawyer and saw that decedent signed others. As a result, she became aware that an estate tax return *176 was required to be filed, but she acquired no knowledge as to the due date of such a return. A short time after decedent's death, petitioner began to look for a lawyer to handle the affairs of his estate. She selected Richard Miller (Miller) as the lawyer for the estate because someone told her he was a good attorney. At that time, Miller was associated with another attorney named Owen Crumpacker (Crumpacker). Petitioner met with Miller and asked him "to take care of things." She expected him to do "whatever was necessary to close the estate." She understood that Miller would file all required returns for the estate, but she did not ask him when they were due. On or about February 22, 1974, Miller prepared and filed a request for an extension of time for filing decedent's estate tax return which was due April 23, 1974. The reason given for the request was that difficulties had been encountered in valuing certain property. The requested extension of time for filing the return until July 23, 1974, was approved by the Internal Revenue Service. On March 17, 1974, petitioner filed an income tax return on behalf of decedent for 1973. The return was not prepared by Miller. *177 It requested a refund of all taxes paid by decedent. On June 11, 1974, Miller wrote petitioner a letter requesting additional information for use in preparing decedent's State inheritance tax return. Miller's letter indicated that there was a possibility that no Federal estate tax would be due but added that he would research the issue further. On July 23, 1974, decedent's State inheritance tax return was filed. On October 12, 1974, Crumpacker received a notice from the Internal Revenue Service that the estate tax return for decedent was delinquent. Shortly before December 4, 1974, Miller contacted petitioner, told her she owed some estate taxes, and asked her to come to his office to sign some papers. At his office, she was asked to sign the estate tax return. At that time, she learned that the return was delinquent because among the papers she read was an instruction that the return was to be filed within 9 months of the decedent's death. She asked Miller why the return had not been filed earlier, and he replied that he had "forgotten" to file the return on time. The return was filed on January 2, 1975. After examination of the return, respondent determined the estate *178 tax deficiency and the addition to tax set forth above. OPINION Section 6651(a) [2] provides for an addition to tax equal to 5 percent for each month the failure to file a timely return continues, not to exceed 25 percent in the aggregate, unless it is shown that such failure is "due to reasonable cause and not due to willful neglect." In deciding whether the failure to file a timely estate tax return was "due to a reasonable cause," the test to be applied is that of "ordinary business care and prudence." Sec. 301.6651-1(c)(1), Proced. & Admin. Regs. *179 In Rohrabaugh v. United States, 611 F.2d 211, 214 (7th Cir. 1979), the Court of Appeals for the Seventh Circuit, to which an appeal would be taken in this case, held that the section 6651(a) delinquency addition to tax did not apply and summarized the facts in the case and the basis of its holding as follows: Here an inexperienced taxpayer wholly unaware of the time requirements for filing a federal estate tax return selected a competent tax expert, supplied him with all the necessary and relevant information, requested him to prepare all necessary documents including tax returns, relied upon his doing so, but nevertheless maintained contact with him from time to time during the administration of the estate. This would seem on any reasonable standard to be exercising ordinary business care and prudence under the circumstances here involved. The court rejected "the Government's invitation" to establish "a perse rule that reliance upon counsel for the timely filing of federal estate tax returns can never constitute 'reasonable cause'." In reaching its conclusion, the court cited with approval Haywood Lumber & Mining Co. v. Commissioner, 178 F.2d 769, 771 (2d Cir. 1950); *180 In re Fisk's Estate, 203 F.2d 358, 360 (6th Cir. 1953); and Commissioner v. American Association of Engineers Employment, Inc., 204 F.2d 19 (7th Cir. 1953). The court distinguished its prior opinion in United States v. Kroll, 547 F.2d 393 (7th Cir. 1977). [3]
*181 Although what elements must be present to constitute "reasonable cause" within the meaning of section 6651(a) is a question of law, the issue as to whether ordinary business care and prudence have been employed by one charged with the legal responsibility for filing a tax return is basically factual. Southeastern Finance Co. v. Commissioner, 153 F.2d 205 (5th Cir. 1946), affg. 4 T.C. 1069 (1945). "Reasonable cause can be determined only from the particular situation presented in each specific case. Other decisions pro and contra are of little help." Mayer's Estate v. Commissioner, 351 F.2d 617 (2d Cir. 1964), affg. per curiam 43 T.C. 403 (1964), cert. denied 383 U.S. 935 (1966). The Rohrabaugh opinion, however, in effect laid down the rule of law that reliance upon an attorney for the timely filing of an estate tax return, in an appropriate case, may constitute reasonable cause for a delinquency, and we must follow that rule since an appeal in this case will be to the Seventh Circuit Court of Appeals. Golsen v. Commissioner, 54 T.C. 742 (1970), affd. 445 F.2d 985 (10th Cir. 1971), *182 cert. denied 404 U.S. 940 (1971). Our task is to decide whether this is an appropriate case in which to apply the Rohrabaugh rule. Given the Rohrabaugh rule, we think petitioner has shown reasonable cause for failure to file the return on time. At the time of decedent's death in 1973, petitioner was only 24 years of age and had no business experience or background. She had finished high school and had one year of training as an x-ray technician. She had worked outside the home for only 8 months. While one with this kind of background might be expected to know when income tax returns are due, the same is not true with respect to estate tax returns. True, petitioner had assisted her alcoholic father in signing some of the papers in connection with her grandfather's estate, but she was obviously quite young at the time. The attorney, who represented her grandfather's estate, apparently a competent one, handled all the details. From this experience she had learned that an estate tax return was to be filed in certain circumstances, but she did not learn when a return was required to be filed or any other details relating to the tax laws. Upon her father's *183 death, petitioner employed an attorney, Miller, who was an associate in Crumpacker's firm, to handle the affairs of her father's estate. It is true that Miller could not then be characterized as "a competent tax expert," as the attorney in the Rohrabaugh case (supra at 214), was described, but petitioner had been told that Miller was a "good lawyer." Many persons unaccustomed to dealing with lawyers and in need of legal assistance to handle a particular problem rely upon information obtained in such manner in selecting an attorney. Decedent's total gross estate as shown by the estate tax return was less than $ 90,000, hardly enough to justify the employment of an expensive major law firm. In relying upon the recommendations of friends, we think petitioner exercised "ordinary business care and prudence" in making the selection of an attorney to handle the affairs of this relatively small estate. In this respect it is important that the failure to file the return on time was not attributable to technical legal or tax problems in the case, but apparently to Miller's subsequent personal problems and his later withdrawal from Crumpacker's firm. Petitioner kept in touch with *184 her attorneys and promptly supplied any and all information they requested. On June 11, 1974, Miller wrote her a letter asking for certain information needed for the inheritance tax return and stating that: "At this time, it would appear to me, that there will be no federal estate tax due on your father's estate." He added: "I shall research this further, but trust that I am correct." Miller testified at the trial that there were issues as to the includibility in the gross estate of certain insurance and the value of stock held in a pension trust. Miller's letter was written within the extended time for filing the estate tax return and tended to lead petitioner to believe that the matter of the filing of the estate tax return was receiving Miller's attention. [4]
*185 The request for an extension of time to file the estate tax return was signed by Crumpacker and not by petitioner. In fact, the record does not indicate that petitioner was informed of the requested extension. Similarly, the notice from the Internal Revenue Service that the estate tax return was delinquent was addressed to Crumpacker. The estate tax return was filed promptly after petitioner learned it was due and had not been filed. In summary, under the Rohrabaugh rule, supra, we think petitioner has shown reasonable cause for failing to file the decedent's estate tax return on time. At the time she became executrix of her father's will, she had a limited education, no experience in business affairs, and meager knowledge of the estate tax laws. She employed attorneys competent to handle the affairs of this relatively small and simple estate, but she did not abdicate her responsibilities. She kept in contact with her attorneys and promptly supplied all requested information. She received at least one letter from one of her attorneys clearly indicating that the filing of an estate tax return was receiving attention. We think petitioner acted with ordinary business *186 care and prudence. A decision will be entered sustaining respondent's determination as to the deficiency in estate tax, but as to the section 6651(a) additions to tax, [5]
Decision will be entered for petitioner. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended, unless otherwise indicated.↩
2. SEC. 6651. FAILURE TO FILE TAX RETURN OR TO PAY TAX. (a) Addition to the Tax--In case of failure-- (1) to file any return required under authority of subchapter A of chapter 61 (other than part III thereof), * * * on the date prescribed therefor (determined with regard to any extension of time for filing), unless it is shown that such failure is due to reasonable cause and not due to willful neglect, there shall be added to the amount required to be shown as tax on such return 5 percent of the amount of such tax if the failure is for not more than 1 month, with an additional 5 percent for each additional month or fraction thereof during which such failure continues, not exceeding 25 percent in the aggregate;↩
3. In passing, we note that the instant case is likewise distinguishable on its facts from United States v. Kroll, 547 F.2d 393 (7th Cir. 1977). In that case the taxpayer, a college graduate with one year of law school and with much business experience "had specific knowledge of when the return was due, had been notified by the Service of the tardiness, and even then had done nothing to make sure the return was timely filed" but, instead, left the matter to the attorney. Rohrabaugh v. United States, 611 F.2d 211, 216 (7th Cir. 1979). The facts in the instant case, discussed infra, are clearly inapposite to those in Kroll. See also Estate of DiPalma v. Commissioner, 71 T.C. 324, 326-327 (1978); Estate of Bradley v. Commissioner, T.C. Memo. 1974-17, affd. 511 F.2d 527↩ (6th Cir. 1975).
4. It is true, as respondent's counsel pointed out in his cross-examination, Miller's letter stated that it appeared to him that "there will be no federal estate tax due," rather than that no estate tax return would be required. We hardly think petitioner with her limited knowledge of estate tax law could be expected to discern this difference. Had Miller actually advised that no estate tax return was due, the decided cases indicate that the failure to file a return on time would have been due to "reasonable cause." See, e.g., Estate of Christ v. Commissioner, 54 T.C. 493, 553-554 (1970), affd. on another issue 480 F.2d 171↩ (9th Cir. 1973).
5. On brief and at the trial, petitioner criticized Miller and Crumpacker and argued that Crumpacker, not she, should pay any additions to tax found due. Judge Swygert's dissent in Rohrabaugh (611 F.2d at 220) pointed out that the majority opinion in that case "effectively immunized a negligent attorney from what appears to be an open and shut malpractice suit." The majority opinion implicitly rejected that argument in that it cited Haywood Lumber & Mining Co. v. Commissioner, 178 F.2d 769, 771↩ (2d Cir. 1950), which reasoned that a rule treating the acts of counsel as the acts of the taxpayer would hold the taxpayer "to a standard of care which is not his own and one which, in most cases, would be far higher than that exacted of a layman."