MILLS, Judge.
White and Limerock appeal from a final order which determined that Nathaniel and Janey B. DuPont made a valid application in 1981 of a partial payment by Old Republic on a judgment for damages entered against White, Limerock, and Old Republic. We affirm.
On 13 September 1977, on the property of Limerock, Nathaniel DuPont was injured by a loader owned by White. DuPont suffered permanent disability.
Trial was held in April 1981. On 16 April 1981 final judgment was entered against Limerock, White, and Old Republic, the primary insurer of White and Limerock. Damages were awarded as follows:
*486 $1,025,000 —Compensation, Nathaniel DuPont Compensation, loss of consortium,
1,025,000 — Janey DuPont (wife)
1,500,000 — Punitive damages against White Punitive damages against
2,000,000 — Limerock
$5,550,000 — Total award
On 27 May 1981 the trial court remitted $1,000,000 of the punitive damages assessed against Limerock. The remittitur was affirmed. White Const. Co., Inc. v. DuPont, 423 So.2d 549 (Fla. 1st DCA 1982).
On 28 May 1981 Old Republic tendered a check to the DuPonts in the amount of $553,602.51, which represented the limits of the insurance coverage plus interest to that date. On advice of the DuPonts’ counsel, Old Republic retained the above check and on the following day, paid the same amount into the registry of the trial court. Old Republic represented that the sum paid was “without qualification, for the benefit of the plaintiffs to obtain a partial satisfaction of the judgment ...,” and was made “without reference to any future proceedings, including appeals....’’ Old Republic further stated that the payment was to partially satisfy the judgment for compensatory damages in favor of both Nathaniel and Janey DuPont.
A hearing was held on 2 June 1981 “to determine the effect of disbursement of the funds ... to the plaintiffs and whether said funds shall be so disbursed....” Judge Donald O. Hartwell’s[1] posthearing order of 2 June 1981 and amended order of 29 June 1981 both stated that the parties did not object to the withdrawal of the payment by the plaintiffs, that Old Republic was entitled to credit for the payment, that all defendants would be credited pro tanto, and that the plaintiff’s acceptance of the funds would not affect their right to collect the full balance of the judgment due.
On 1 July 1981 the funds were disbursed from the registry of the court into the Trust Fund of the DuPont’s law firm, and on the same day the following amounts were received by the DuPonts:
',000.00, certifica of deposit payable to either Nathaniel or Janey DuPont
$114,188.83, check payable to Nathaniel DuPont
$114,188.83, check payable to Janey DuPont
On 12 April 1983 the award of damages to Janey DuPont for loss of consortium was reversed and remanded for retrial on the issue of damages alone. White Const. Co., Inc. v. DuPont, 430 So.2d 915 (Fla. 1st DCA 1983).
The award of punitive damages was reversed on 26 July 1984. White Const. Co., Inc. v. DuPont, 455 So.2d 1026 (Fla.1984). Mandate was issued from this court on 2 November 1984 to the Circuit Court to hold further proceedings in accordance with the results of the two appeals.
The effect of the remittitur and the two reversals was that the case was returned to the trial court with only one award of damages affirmed; $1,025,000 compensation for Nathaniel DuPont.
Judge Hall held a hearing on plaintiff’s Motion for Order Compelling Defendant’s Compliance with Mandate and Order under Mandate on 5 December 1984. The DuPont’s position at the hearing was that the monies due Nathaniel DuPont were not affected by the Old Republic payment, that the payment was tendered as compensatory damages to both DuPonts, and that half of the payment was to be a set-off for damages owed Nathaniel DuPont with the other half to be applied to Janey DuPont’s loss of consortium claim which is to be retried.
At the end of the hearing, Judge Hall ruled in favor of White and Limerock and applied the Old Republic payment to Nathaniel DuPont’s judgment.
The court, upon the DuPont’s Motion for Rehearing conducted a second hearing on 21 December 1984, and reversed its previous ruling. The court held that there had *487 been an election by the DuPonts to allocate the money equally. The court was persuaded by the totality of the arguments and by the provisions in the closing statement of the DuPonts’ law firm.
The court’s Order of 3 January 1985 ordered that one-half of the Old Republic payment be applied to Nathaniel DuPont’s judgment with the other half to be applied to the “final judgment hereafter entered in favor of Janey B. DuPont_” The court stated that Nathaniel DuPont was due $775,000 plus interest. The court expressly made no ruling on the effect of the $250,000 credit to Janey DuPont should her judgment be for less than the amount of the credit.
White and Limerock appealed.
This appeal centers around the events of 1981 with the key question being whether there was a valid application of the Old Republic payment and, if so, what is the impact of the application.
The Florida rule (and apparently the majority rule in the United States) as to the application of payments was first stated in Randall v. Parramore and Smith, 1 Fla. 409 (1847), and has been reiterated in later cases to the effect that:
[T]he debtor who makes the payment may at the time direct its application to whatever account or item of indebtedness he wishes, and if he fails to do so the creditor may at any time make application of the payment as he desires. And if neither the debtor nor the creditor at the time of payment makes any application thereof, the law will appropriate it to the items of indebtedness according to the justice of the case, having in view the interests of third persons interested.
Turner Produce Co. v. Lake Shore Growers Coop. Ass’n., 217 So.2d 856, 859 (Fla. 4th DCA 1969).
The debtor has the first opportunity to direct application of the payment. Neither White nor Limerock gave any direction in 1981. The trial court found that Old Republic’s payment was made to Nathaniel and Janey DuPont for the benefit of the plaintiffs (plural). This finding is supported by Old Republic’s Motion for Order Directing Clerk to Satisfy Judgment Against Old Republic Insurance Company, in which Old Republic requested the court to enter an order “... in favor of Nathaniel DuPont and Janey B. DuPont for compensatory damages.... ” If there was any indication of Old Republic’s intention, it would appear to be that the payment was to go toward both Nathaniel and Janey DuPonts’ judgments for compensatory damages.
In the absence of direction from the debtor as to how payment is to be credited, the creditor may apply as he desires. Winchester v. Florida Electric Supply, Inc., 161 So.2d 668, 669 (Fla. 2d DCA 1964). White and Limerock argue that the defendants had no opportunity to direct the payment, as payment was made to the registry of the court.
The rule permitting the creditor to make application of payments where the debtor fails to do so does not apply where the debtor has had no opportunity to direct the application.
70 C.J.S. Payment s. 60 (1951).
The defendants failed to take advantage of opportunities to direct the payment. Both White and Limerock had the opportunity to negotiate with Old Republic and the DuPonts on this issue and could have sought direction from the court. In addition, the Old Republic payment was initially tendered to the DuPont's counsel and only later placed in the registry of the court. If the debtor waives the right to direct application, the court will not ordinarily disturb the creditor’s application. Merker v. Lake Region Packing Ass’n., 126 Fla. 589, 172 So. 702, (1936).
The DuPonts contend that they made application of the Old Republic payment to their individual judgments. The closing statement, prepared by the DuPont’s law firm shows separate and equal payments to Nathaniel and Janey DuPont. From these disbursements the DuPonts received separate cashiers checks in equal amounts and a certificate of deposit in both of their *488 names. This evidence indicates that the Old Republic payment was to the DuPonts as individuals and with the exception of the joint certificate of deposit, the monies were applied to their individual benefit.
The 17 December 1984 depositions of the DuPonts largely support their contention. Janey DuPont indicated that it was her understanding that one-half of the payment was hers and one-half was Nathaniel Du-Ponts, since they had two separate cases. Janey DuPont stated that the division of payment was established by the DuPont’s attorneys. Nathaniel DuPont also stated that the payment was to be one-half to Janey DuPont and one-half to himself. He stated that although the decision was not his, he went along with it.
White and Limeroek argue that if an election was made, the DuPonts did not make it; they only followed their attorney’s directions. This is not dispositive. The law does not require that the DuPonts give explicit direction. “An application of a payment by a creditor need not be by express declaration, but may be made by conduct inferred from the circumstances.” 70 G.J.S. Payment s. 65, (1951).
White and Limerock’s argument that the defendants cannot be credited pro tanto if the payment is applied to both Janey and Nathaniel DuPonts’ judgments is not persuasive. The payment can apply “as far as it goes” to the credit of more than one defendant and to more than one judgment.
There is competent and substantial evidence that the DuPonts made a valid election in 1981 to apply the Old Republic payment to their individual judgments. The trial court correctly applied the law of payment. Old Republic wanted out of the case in 1981. White and Limeroek had the opportunity to attempt to direct the Old Republic payment and did not do so.
It is late in the day for White and Limer-ock to seek appellate relief. Janey DuPont has had the use of her portion of the payment since 1981; Nathaniel DuPont has yet to receive the bulk of his judgment from White and Limeroek.
AFFIRMED.
SMITH and BARFIELD, JJ., concur.

. Judge J. Lewis Hall, Jr., conducted the trial.