HERSEY, Chief Judge.
Appellant, Eichenbaum, injured during a criminal attack at the Lauderhill Mall where she was employed, brought suit against appellees for compensatory and punitive damages. Dismissal of her third amended complaint resulted in this appeal.
We are faced with three issues: (1) whether the complaint adequately alleges a cause of action, (2) whether the lower court properly dismissed the action against appel-lee Lauderhill Mall Merchants Association, based on the statute of limitations, and (3) whether the lower court properly dismissed the punitive damage claim against the lessees and operators of the mall, appellees Moriber and Sadkin.
As to the first issue, we conclude that the complaint states a cause of action for negligence against all appellees. The complaint alleges defendants’ knowledge of prior similar criminal acts occurring in 1979 and 1980, which knowledge gives rise to a duty to provide adequate security for customers and employees of the Mall. The criminal incident causing appellant’s injuries occurred on September 6, 1980, and those injuries are alleged to have been proximately caused by breach of the duty to provide security. While not all of the prior criminal incidents alleged are sufficiently similar to the attack on appellant to support a finding of actual or constructive knowledge, those pertaining to strong-armed robbery are clearly sufficient for that purpose. We therefore need not decide whether the bare allegation of “prior similar crimes” would be sufficient. See Fernandez v. Miami Jai-Alai, Inc., 386 So.2d 4 (Fla.3d DCA 1980), appeal after remand, 454 So.2d 1060 (Fla. 3d DCA 1984).
The prior crimes are alleged to have taken place at the “Lauderhill Mall.” Contrary to appellees’ contention, Relyea v. State, 385 So.2d 1378 (Fla. 4th DCA 1980), disapproved of on other grounds, Avallone v. Board of County Commissions, 493 So.2d 1002, 1005 (Fla.1986), does not require an allegation that the prior incidents occurred at the exact place in the Mall where the present criminal attack took place. The complaint is adequate in this regard.
Finally, appellees’ argument based upon cases in which summary judgments for defendants were affirmed because of insufficient evidence of foreseeability is premature and therefore inappropriate here, where only the sufficiency of the complaint is in issue.
With regard to the second issue, appellee Lauderhill Mall Merchants Association was first named as a party to this action by the second amended complaint which was filed on February 7, 1985, a fact established by the date stamp affixed by the clerk of the court. The criminal attack on appellant occurred on September 6, 1980. The statute of limitations applicable to a negligence claim is four years. § 95.11(3)(a), Fla.Stat. (1985). An affirmative defense such as the statute of limitations may be asserted as the basis for a motion to dismiss, however, only if the defense may be demonstrated by matters appearing on the face of the complaint. See Margerum v. Ross Builders, Inc., 427 *1335 So.2d 261 (Fla. 5th DCA 1983). The question here, then, is whether the date stomp may properly be considered for the purpose of applying the statute of limitations in the context of a motion to dismiss. We answer this question in the affirmative and note that a similar response is implied by the result in Barrentine v. Vulcan Materials Co., 216 So.2d 59 (Fla. 1st DCA 1968). Appellant’s “relation-back” and “estoppel” arguments on this issue are without merit.
Finally, as to the third issue, appel-lees argue that the allegations of the complaint are insufficient to sustain an award for punitive damages. The misconduct required to sustain a claim for punitive damages goes beyond “gross negligence.” Como Oil Co. v. O’Loughlin, 466 So.2d 1061 (Fla.1985).
In Carraway v. Revell, 116 So.2d 16, 20 n. 12 (Fla.1959), the court, quoting language which appeared in Florida Southern Ry. v. Hirst, 30 Fla. 1, 11 So. 506, 513 (1892), stated that the character of negligence necessary to sustain an award of punitive damages must be of
a gross and flagrant character, evincing reckless disregard of human life, or of the safety of persons exposed to its dangerous effects, or there is that entire want of care which would raise the presumption of a conscious indifference to consequences, or which shows wantonness or recklessness, or a grossly careless disregard of the safety and welfare of the public, or that reckless indifference to the rights of others which is equivalent to an intentional violation of them.
In White Construction Co. v. DuPont, 455 So.2d 1026 (Fla.1984), appeal after remand, 478 So.2d 485 (Fla. 1st DCA 1985), the court approved and reaffirmed this language as the “standard to be met” for the imposition of punitive damages.
In Orlando Executive Park, Inc. v. P.D.R., 402 So.2d 442, 451 (Fla. 5th DCA 1981), approved, 433 So.2d 491 (Fla.1983), on facts somewhat analogous to those alleged here, the court found that where a motel had failed to provide a regular security force or security devices even though thirty-six criminal incidents, some involving attacks on guests, had occurred within six months of the attack on the plaintiff, the conduct of the defendant was not “of such egregious nature as to support a punitive damage award.”
In the present case, appellant’s allegation that the defendants had a “lack of concern” for security similarly does not allege conduct of such a nature as to support a claim for punitive damages.
We reverse the lower court’s order of dismissal as to the negligence claim against mall owners Rossland and High Glen, and lessees and operators of the mall, Sadkin and Moriber, affirm the order of dismissal in all other respects, and remand for further proceedings on the negligence claim.
AFFIRMED IN PART; REVERSED IN PART; AND REMANDED.
DOWNEY and LETTS, JJ., concur.