D. Petroutsa, *Plaintiff in Error* v. H. C. Schrader Company, a Corporation, *Defendant in Error.*

Opinion Filed December 21, 1918.

1.  In an action upon a promissory note the burden of proof under a plea of payment is upon the defendant.

2.  At the time of payment the debtor may direct to what items of an account the payment shall be applied; if he fails to so direct the application of such payments, his creditors to whom the payment is made may do so, but only to debts then due and existing and not to advances not yet made.

3.  Where there is a lack of evidence of material facts sufficient to support a verdict, a new trial should be granted upon motion.

Writ of error to Circuit Court for Manatee County; O. K. Reaves, Judge.

Judgment reversed.

*John B. Singletary* and *John F. Burket,* for Plaintiff in Error;

*G. P. Smythe,* for Defendant in Error.

ELLIS, J.—H. C. Schrader Company, a corporation, hereinafter called the plaintiff, brought an action in the Circuit Court for Manatee County against D. Petroutsa, who will be referred to as the defendant in this opinion, upon eight promissory notes aggregating the sume of seventeen hundred dollars and ranging in dates from August 27, 1914, to May 13, 1915. The notes dater August, September and October were payable five months after date, those dated November, December, January, March and May were payable on demand. All the notes bore interest at the rate of eight per cent per annum from date. Those payable five months after date aggregated the sum of seven hundred dollars, and those payable on demand one thousand dollars.

The defendant pleaded payment. There was a verdict and judgment for the plaintiff, and the defendant seeks here to reverse the judgment upon writ of error.

There are many assignments of error, seventy-seven in number, involving rulings of the Court upon the admission and rejection of evidence and the giving and refusing of instructions to the jury.

The single question presented by the record as we read it is one of the application of payments.

The evidence consists mainly of documentary evidence composed of the eight promissory notes, a statement of an open account between the plaintiff and defendant, on account sales of celery sold by the plaintiff for the account of defendant, and some correspondence between the plaintiff and brokers or commission merchants to whom the celery was shipped by plaintiff after taking it over from the defendant. The defendant was a truck farmer to whom the plaintiff made certain advances to enable him to mature and harvest a crop of celery.

Their transactions began so far as the record discloses with a written contract dated August 27, 1914, and closed according to a statement of account by plaintiff on March 3, 1916, when the defendant was credited with a fre:ght overcharge amounting to four dollars and forty cents. The item next appearing upon the account and preceding the last, was a credit to the defendant of fifteen dollars and seventy-five cents, and dated September 17, 1915; the items next preceding were in April, 1915. So it may be said that the account was practically closed April 30, 1915, when the defendant was credited with returns upon a car of celery in the sum of fifty dollars.

The contract between the parties which the defendant introduced in evidence was as follows:

## "AGREEMENT

"This agreement made and entered into this 27th day of August, A. D. 1914, by and between H. C. Schrader Company of Jacksonville, Florida, party of the first part, and James Petroutsi of Shell Beach, Manatee County, State of Florida, party of the second part;

## "WITNESSETH:

"That for and in consideration of the sum of Three Hundred. advanced to second party by the said first party. said sum being advanced to aid second party in the busi·ness of planting, maturing and harvesting twenty-five acres of celery during fall of 1914, and spring of 1915, on lands of second party at Shell Beach, Florida. It is mu-tually agreed as follows:

"That first party shall make other and further advances as shall be deemed necessary, the total sum thereby not exceeding the sum of One Thousand Dollars.

"That second party shall secure each advance made and to be made by his promissory note.

"That first party shall retain from the proceeds of said crop all sums advanced and to be advanced hereunder, together with a brokerage of ten cents per package for handling same.

"In witness whereof the said parties have hereunto set their hands and seals the day aforesaid.

"Signed, sealed and delivered in our presence.
. . . . . . . . . . . . . .
. . . . . . . . . . . . .

"H. C. SCHRADER COMPANY, (SEAL)

"By J. C. ALSOBROOK, *as agent* (SEAL)

"D. PETROUTSA, (SEAL)

The plaintiff contended that under this agreement it carried an open account with the defendant to whom were charged money advances for which notes were not taken, celery crates amounting to three shipments of two hundred and seventy-seven dollars and fifty cents each, telegrams, losses on celery shipments, etc., and that under the agreement it advanced other sums of money to the defendant for which the notes sued upon were taken. That as the celery produced by the defendant was shipped by the plaintiff and sold to his account it applied the proceeds to the payment of the sums due on the open account and the returns were not sufficient to pay the notes also.

The defendant contended that the moneys advanced for which notes were not taken were advanced under an oral agreement for growing tomatoes which he was to consign to plaintiff for sale; that the crating material was not ordered by him at all, and that the returns from the celery shipments were to be applied to the payment of the notes and not upon the open account.

The contract limited the amount to be advanced for "planting, maturing and harvesting" the celery to one

thousand dollars, each advance to be evidenced by the defendant's promissory note, and the proceeds of the celery crop were to be applied to the sums "advanced and to be advanced" under the written agreement.

We have carefully read the evidence as it is incorporated in this record and given it careful consideration, with the result that we think the judgment should be reversed.

The burden of proof which was upon the defendant under his plea of payment shifted when it appeared from the evidence that the defendant had shipped enough celery that the acknowledged proceeds from the sale of which were sufficient under the contract to pay the notes dated in August, September, October, November, December and January, and aggregating one thousand dollars, and it became the duty of the plaintiff, that is to say the burden then rested upon it to show that there was another indebtedness of the defendant to which the plaintiff had the right to and did apply the proceeds of the celery sales. We think that this burden which the law casts upon the plaintiff was not met, but on the contrary it failed to sustain it by any substantial evidence.

In the first place, the contract between the parties directed the application of the proceeds of the sale of the celery to the payment of the notes given under the agreement. The plaintiff was to retain from the proceeds of the celery crop all sums advanced under the agreement, and each advance was to be evidenced by the defendant's note. While it appeared that other moneys were advanced by the plaintiff to the defendant for which notes were not taken, it does not appear that the contract was modified as to the application of the proceeds of the celery crop. A witness for the plaintiff understood that the advances of money made in February, March and April, for which no notes were taken, were made under the agree-

ment, but it does not clearly appear that the crates shipped to the defendant by the plaintiff amounting to eight hundred and thirty-two dollars and fifty cents and charged to the open account, were shipped under the contract, nor that there was any alteration of the contract to permit the application of the proceeds of the crop sales first to the settlement of those items of the open account.

But even assuming that there was no agreement between the parties as to the application of payments, that a new agreement was made in place of the one copied herein and in which the matter of the application of payments was not referred to, and the defendant had not directed how the payments should be applied, then in that case the plaintiff could apply the payments as he desired, but to debts then due and existing, but not to advances not yet made. If the plaintiff did not make the application in such case, the law will apply the payments according to the justice of the case. See Randall v. Parramore, 1 Fla. 409; Battle v. Jennings Naval Stores Co., 74 Fla. 12, 75 South. Rep. 949. The rule is that the credits will be applied in discharge of the items of debt antecedently due in the order of time in which they stand in the account.

Now it appears from the plaintiff's evidence that between February 11 and March 15, 1915, the defendant was credited with the proceeds of six cars of celery aggregating two thousand three hundred and sixty-six dollars and seventeen cents, but up to that date the defendant had not been charged upon the open account with advances to an amount exceeding one thousand and fifty dollars and twenty cents exclusive of two cars of celery crates amounting to five hundred and fifty-five dollars. There was a balance over, therefore, of one thousand three hundred and sixteen dollars and ninety-seven cents to be applied upon the notes given under the contract. The note

of August 27th, for $300.00, became due January 27th; the note of September 10th for $100.00 became due February 10th following; the note of October 23rd for $300.00 became due March 23rd; the notes of November 23rd, December 28th and January 30th, each for $100.00, were due upon demand. To these notes aggregating one thousand dollars the plaintiff should have applied at least the surplus of thirteen hundred and sixteen dollars and ninety-seven cents. In that case there would have been left the sum of three hundred and sixteen dollars and ninety-seven cents to be applied to interest upon those notes and to the interest and principal of the note dated March 8th for $500.00 due on demand.

To the items appearing in the open account for celery crates one carload of which was charged after March 15th, 1915, and telegrams and loss on celery shipments, the proceeds of celery sales to and including March 15th, should not have been applied so long as there were debts in existence due and unpaid. Besides there is insufficient evidence to show that there was any agreement between the parties as to the bargain and sale of the celery crates, so far as price was concerned, and that the proceeds of the celery sales should be applied first to the payment of the amount charged therefor.

The material facts necessary to support the plaintiff's right to apply the payments made by the defendants to the items enumerated in the open account, especially those charged after March 15th, 1915, not being shown by the evidence, the verdict should have been set aside and a new trial ordered. See Florida Fire & Casualty Ins. Co. v. Hart, 73 Fla. 970, 75 South. Rep. 528.

The jury evidently found that the plaintiff applied all the payments upon the items in the open account, notwithstanding there were items in that account which had not

come into existence as debit against the defendant when he had in the hands of the plaintiff a large sum of money resulting from the sale of the celery and which under the agreement and according to the then state of the accounts between the parties could only be then applied to the payment of the notes.

It is unnecessary to discuss the various assignments of error. It would lead to no helpful result. We think the court's rulings upon the admission and rejection of evidence and the charges given and refused were correct and could not be successfully attacked in this case.

For the error pointed out the judgment is hereby reversed.

BROWNE, C. J., and TAYLOR, WHITFIELD and WEST, JJ., concur.