S. F. B. GREEN, *Plaintiff in Error,* v. THE PROCTOR & GAMBLE DISTRIBUTING COMPANY, A CORPORATION, *Defendant in Error.*

### En Banc.

### Opinion Filed July 27, 1926.

1. The statute of limitations is a defense to an action of law and not grounds for demurrer.

2. Where there is nothing in the record to indicate that in writing a plea some particular word was used by mistake or

inadvertence the court must presume that the word used was so intended to be used.

3. A plea that "before suit *plaintiff* satisfied and paid plaintiff's claim by payment" is bad on demurrer.

4. A plea of the defense of limitation should aver that the limitation had run before action commenced. A statement that the "cause of action did not accrue within the past two (or three) years" does not meet the requirements.

5. A plea "that defendant is not indebted as alleged" is bad on demurrer.

A Writ of Error to the Circuit Court for Dixie County; M. F. Horne, Judge.

Judgment affirmed.

*W. P. Chavous,* for Plaintiff in Error;

No appearance for Defendant in Error.

KOONCE, Circuit Judge.—Defendant in error, plaintiff in court below, sued plaintiff in error, defendant below, and filed declaration in the statutory form upon "common counts."

The first asignment of error is that the court erred in overruling demurrer to plaintiff's declaration. The demurrer was that the declaration showed upon its face that before suit commenced the action was barred by statute of limitation. Limitation of actions is in actions at law a matter of defense, and not ground for demurrer.

The second assignment of error, that the court erred in sustaining demurrer to the defendant's plea, will be disposed of in the consideration of the remaining assignments

which undertake to point out the specific error of the court in his ruling on the demurrer.

Third assignment.   That the court erred in sustaining plaintiff's demurrer to the defendant's plea No. 1.

It is insisted that this plea is in the language of the statute, paragraph 5 of Section 2666, Revised General Statutes.

The form of a plea of payment provided by paragraph 5 of Section 2666, is:  "That before action he (meaning defendant) discharged and satisfied plaintiff's claim by payment."

While the statute prescribes an approved form for a plea, it also provides that a departure from the letter of such form shall not render the plea bad so long as the substance is stated without prolixity. ' But an examination of the plea filed in this case shows it does not comply with the substance of this form.   The plea is in these words: "That before suit *plaintiff* satisfied and paid plaintiff's claim by payment."   (Italics supplied).

There is nothing in the record brought to this court to indicate that the use of the word plaintiff as italicized in the quotation was by mistake or inadvertence; therefore the court must presume the plea was worded as intended, which amounts to saying that the plaintiff paid himself and thus discharged defendant of liability.

It is to be noted that though the demurrer was sustained on May 14, and the defendant allowed until the rule day in June to further plead, final judgment was not entered till November following.   There is still no suggestion made either to the lower court or this court that the peculiar wording of this plea was due to mistake.   Therefore the demurrer was properly sustained.

Sustaining the demurrer to the 2nd and 4th pleas of

defendant is also assigned as error. These pleas are as follows:

"2. That the said cause of action did not accrue within the past two years.

"3. That the said cause of action did not accrue within the past three years.

"4. That defendant is not indebted as alleged."

Neither of these pleas states any defense. The second and third do not state that the statute of limitations had run *before action commenced,* but merely say that the action did not accrue "within the past two (and three) years." Action may have been commenced within the time so far as this plea shows.

The fourth plea states a mere conclusion of the pleader that the defendant is not "now" indebted. It is not the general issue of *never was* indebted. The demurrer was properly sustained.

The seventh assignment of error is that the clerk erred in entering final judgment in said cause. This was authorized by Section 2622, Revised General Statutes.

The judgment of the Circuit Court is affirmed.

PER CURIAM.—The record in this cause having been considered by this Court, and the foregoing opinion prepared under Chapter 7837, Acts of 1919, adopted by the Court as its opinion, it is considered, ordered and adjudged by the Court that the decree of the Circuit Court in this cause should be, and the same is hereby, affirmed.

BROWN, C. J., AND WHITFIELD, ELLIS, TERRELL, STRUM and BUFORD, J. J., concur.