G. F. DANIELSON v. DOROTHY LINE.

185 So. 332.
Division A.
Opinion Filed December 16, 1938.

*Askew, Kiernan & Milam,* for Appellant;
*Bussey, Mann & Barton,* for Appellee.

TERRELL, C. J.—In April, 1931, Appellant executed his note to Central National Bank and Trust Company in the sum of five thousand dollars payable in thirty days with interest at eight per cent. As security for payment of the note, he delivered to the Bank a stock certificate evidencing 500 shares of corporate stock, the contract of pledge thereof being incorporated in the face of the note.

Shortly after the delivery of the note and the pledged stock, the bank was found to be insolvent and placed in the hands of a receiver. The receiver held the note and the pledge until the note became barred by the statute of limitations and then sold them with other assets of the bank to Appellee endorsing the note to her without recourse. Appellee then notified Appellant that she intended to sell the pledge as provided by law to pay the note.

At this stage of the proceeding, Appellant, as complainant, filed his bill of complaint in the Circuit Court praying for an accounting and for an injunction *pendente lite* against selling the pledge. The purpose of the prayer for accounting was to ascertain the amount of and to enable complainant to offer in restoration of the pledge by him such *prorata* sum as Appellee paid for it based on the full amount paid for the assets of the bank, it having been alleged that they were purchased at a very low price. A motion to dismiss the bill was granted and this appeal was prosecuted.

Appellant contends that since the note was barred by the statute of limitations at the time it was endorsed without recourse and transferred to Appellee with the pledge Appellee acquired nothing by virtue of such endorsement and delivery except the equitable right to be reimbursed for the *pro rata* amount she paid the receiver for the pledge.

In other words, the essential question with which we are confronted is this: When shares of stock are pledged for the payment of a note and the pledge of the stock is written in the face of the note, may the payee or holder of the note and pledge sell the stock to enforce payment after action on the note is barred by the statute of limitations?

Appellant contends that because the contract of pledge is embraced in the face of the note and action on the note is barred recovery on the pledge is likewise barred because both were created at the same time and grew out of the same transaction. He relies on Browne v. Browne, 17 Fla. 607; Jordan v. Sayre, 24 Fla. 1, 3 So. 329; Shaylor v. Cloud, 63 Fla. 608, 57 So. 666; Hodge v. Truax, 184 Wash. 360, 51 Pac. (2nd) 357; and Pratt v. Pratt, 121 Wash, 280, 209 Pac. 535, to support this contention.

Appellant also contends that the endorsement of the note without recourse after action on it was barred by the statute of limitations and delivery of the pledge and note to Appellee conferred no right on her to sell the pledge to enforce payment of the debt represented by the note. He relies on Tate v. Clements, 16 Fla. 339; Coker v. Phillips, 89 Fla. 283, 103 So. 612; Dillon v. Great Northern Railroad Company, 100 Mont. 485, 100 Pac. 960; Anderson v. Wetter, 103 Me. 257, 69 Atl. 105, and like cases to support this contention.

We have examined the cases cited and relied on to support both these contentions and we do not so construe them. True, inferences may be drawn from them that could be said to have that effect under a different state of facts but not under the facts out of which this case grew.

The statute of limitations, Section 4663, Compiled General Laws of 1927, bars an action on any contract obligation or liability founded upon an instrument of writing not under seal within five years. The note in question is such

an instrument. We construe this statute to affect only the remedy for collecting the note. It in no wise affects the debt or obligation the note represents. The cases cited and relied on by Appellant support this view.

The statute of limitations does not operate on the debt; neither will it be invoked by the Court to avoid the debt. If the defendant does not plead it, it will not intercept the remedy on the debt. Punta Gorda Bank v. State Bank of Ft. Meade, 52 Fla. 399, 42 So. 846; Green v. Proctor and Gamble Distributing Co., 92 Fla. 396, 109 So. 471; Lewis v. Grace, 101 Fla. 326, 134 So. 41, 21 R. C. L. 659. paragraph 23.

The authorities hold generally that even though the remedy on the debt be barred by the statute, a Court of equity will not permit the debtor to recover the pledged property in the absence of an offer to pay the debt the pledge was given to secure. Weems v. Carter, 30 Fed. (2nd) 202, note 103 A. L. R. 430.

We therefore hold that while the pledge of the stock to secure the note did not prevent the running of the statute of limitations upon any action to enforce payment of the debt, neither does the withholding of the remedy or the debt prevent the pledgee from selling and realizing on the pledge.

Holding this view, it follows that the judgment below must be and is hereby affirmed.

Affirmed.

BUFORD, and THOMAS, J. J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.