355 So.2d 178 (1978)
ALL CARGO TRANSPORT, INC., Appellant,
v.
FLORIDA EAST COAST RAILWAY COMPANY, Appellee.
No. 76-2359.
District Court of Appeal of Florida, Third District.
February 14, 1978.
Rehearing Denied March 10, 1978.
Richard F. Ralph, Miami, for appellant.
Stephen T. Onuska, Miami, John W. Humes, Jr., St. Augustine, for appellee.
Before PEARSON, NATHAN and HUBBART, JJ.
HUBBART, Judge.
This is an action for conversion of money which was dismissed by the Dade County Circuit Court. The plaintiff appeals.
The question presented for review is whether it constitutes the tort of conversion for a creditor to receive from a debtor certain funds specifically designated by the debtor for payment on a particular debt, to apply such funds in full payment of the designated debt but refuse to return to the debtor any overpayment of funds made thereon, and to apply the overpayment funds on another debt which the creditor claims is owed to him by the debtor. We hold that under such circumstances it constitutes conversion of the overpayment funds for the creditor to refuse to return such funds to the debtor and to apply them to another alleged debt contrary to the specific directions of the debtor. Accordingly, we reverse.
*179 Plaintiff All Cargo Transport, Inc. filed a complaint sounding in conversion against the defendant Florida East Coast Railway Company. The complaint alleges that the plaintiff sent a check in the amount of $4,807.79 to the defendant which check was specifically designated and earmarked as applicable to a certain outstanding account owed by the plaintiff to the defendant, that by mistake an overpayment of $2,711.69 on such account was made, that the defendant applied the forwarded money to the outstanding charge as designated, that the defendant thereafter applied the overpayment of funds to another debt claimed by the defendant to be owed to the plaintiff in the amount of $2,278.62, and that the defendant offered to return the balance of $433.07 to the plaintiff. The plaintiff through a series of letters allegedly objected to this application of overpayment of funds, contested the validity of the debt to which the overpayment of funds was applied, and demanded the full return of the $2,711.69 overpayment. The defendant allegedly refused this demand. The trial court dismissed the plaintiff's complaint upon motion of the defendant and this appeal follows.
It is the established law of this state that money may be the subject of conversion, but before a party may be held guilty of such conversion, it must be shown that there was exercised a positive, overt act or acts of dominion or authority over the money inconsistent with and adverse to the rights of the true owner. Star Fruit Co. v. Eagle Lake Growers, Inc., 160 Fla. 130, 33 So.2d 858 (1948); S.S. Jacobs Co. v. Weyrick, 164 So.2d 246, 250 (Fla. 1st DCA 1964); Armored Car Service, Inc. v. First National Bank of Miami, 114 So.2d 431, 434 (Fla. 3d DCA 1959).
The law is equally well-settled that where a debtor sends money to his creditor without specifically designating to which debt the funds should be applied, the creditor is free to apply such undesignated funds to whatever debt or debts are owed to him by the debtor. Randall v. Parramore, 1 Fla. 409 (1847); Winchester v. Florida Electric Supply, Inc., 161 So.2d 668, 669 (Fla. 2d DCA 1964); Atlantic and Gulf Properties, Inc. v. Palmer, 109 So.2d 768, 769-70 (Fla. 3d DCA 1959). A debtor may, however, specifically designate a certain debt or debts to which he wishes his forwarded funds applied. Upon receipt of such funds so designated, the creditor must apply the funds as directed or return the money. The creditor is not privileged to apply the funds to other claimed debts contrary to the debtor's instructions. Alford v. Leonard, 88 Fla. 532, 102 So. 885 (1925); Consolidated Naval Stores Co. v. Wilson, 82 Fla. 396, 90 So. 461 (1921); Petroutsa v. H.C. Shrader Co., 76 Fla. 574, 80 So. 486 (1918); Battle v. Jennings Naval Stores, Co., 74 Fla. 12, 75 So. 949 (1917); S.S. Silberblatt, Inc. v. United States, 353 F.2d 545 (5th Cir.1965). It constitutes conversion for a creditor to apply such funds of the debtor in a way which is expressly contrary to the debtor's specific instructions and thereafter to refuse return of the funds upon the debtor's demand. See Prosser on Torts 89-91 (4th ed. 1971).
In the instant case, the plaintiff debtor sent a certain check specifically designated to be applied on a particular account owed to the defendant. The defendant applied the funds as designated, but refused upon timely demand to return the overpayment. Instead, the defendant, contrary to the specific instructions of the plaintiff debtor, applied the overpayment funds to another alleged debt claimed to be owed by the plaintiff to the defendant. By refusing to return the overpayment of funds and applying such funds to another claimed debt contrary to the plaintiff's instructions, the defendant in this case was guilty of conversion. It cannot be successfully argued that the overpayment of funds was undesignated as contended by the defendant. The entire check was designated for application to a particular debt, not just that portion which would pay off the debt. It is therefore our conclusion that it was conversion for the defendant to apply the overpayment of funds in this case to another claimed debt contrary to the express instructions of the plaintiff and thereafter to refuse to return the money.
*180 It should be noted that the above facts are merely alleged in the plaintiff's complaint. The narrow question before us is whether these facts, if true, constitute a cause of action in conversion against the defendant. We conclude that the complaint states such a cause of action but hasten to add that the plaintiff would not be entitled to recovery unless it is able to establish all of the essential elements of the tort of conversion as alleged in its complaint.
The order under review is reversed and the cause is remanded to the trial court for further proceedings.