368 So.2d 432 (1979)
Wilhelmina HENRY, Appellant,
v.
HALIFAX HOSPITAL DISTRICT, etc., Appellee.
No. KK-379.
District Court of Appeal of Florida, First District.
March 9, 1979.
Rehearing Denied April 2, 1979.
*433 Jonathan Hewett, Homestead, for appellant.
Harold C. Hubka of Black, Crotty & Sims, Daytona Beach, for appellee.
BOOTH, Judge.
This cause is before us on appeal from a final judgment of the Circuit Court entered in favor of defendant Halifax Hospital in a suit for declaratory relief. The judgment sought to be reviewed holds that appellant Henry may not recover from the hospital the amounts paid by Henry's insurance company to Halifax which exceed the charges resulting from Henry's latest hospitalization.
The facts are that Henry was admitted to the hospital in June of 1976, for treatment of injuries sustained in an automobile accident. At the time of Mrs. Henry's admission, her husband signed an Assignment of Benefits form provided by the hospital, which form states in part that Henry does:
"HEREBY AUTHORIZE PAYMENT directly to the below named hospital of the hospital insurance benefits otherwise payable to me but not to exceed the balance due of the hospital's regular charges for this period of hospitalization. I understand I am financially responsible for charges not covered by this authorization." (e.s.)
Pursuant to the foregoing authorization, two insurance companies paid the charges due, resulting in an overpayment as to the latest hospitalization. The hospital thereupon undertook to apply the excess insurance proceeds to preexisting unpaid charges owed to the hospital by appellant and members of her family going back over a ten-year period.
In her suit for declaratory relief, Henry contended: (1) That the prior charges were barred by the statute of limitations and (2) That the hospital could not apply the funds to pre-existing debts in the absence of an express authorization by the insured. The trial court rejected both arguments and ruled in favor of the hospital.
The law is clear that the expiration of the period of time prescribed by a statute of limitations does not extinguish the debt itself but only precludes the bringing of legal action to collect that debt. Hoagland v. Railway Express Agency, 75 So.2d 822 (Fla. 1954); 21 Fla.Jur., Limitations of Action, section 4 at 168; Danielson v. Line, 135 Fla. 585, 185 So. 332 (1938).
We find that as to the second point, the authorization signed on behalf of appellant Henry constituted a sufficient designation to the hospital with respect to the application of insurance funds paid on behalf of Henry. Where a debtor designates a certain debt or debts to which he wishes his forwarded funds to apply, the creditor must apply the funds as directed or return the money. The creditor is not privileged to apply the fund to other claimed debts contrary to the debtor's instruction. All Cargo Transport Inc. v. Florida East Coast Railway Co., 355 So.2d 178, 179 (Fla.3d DCA 1978), and cases cited therein.
In this case the hospital obtained Henry's signature on its form assigning medical insurance benefits to the hospital for services provided beginning June 11, *434 1976. The insurance proceeds paid on behalf of Henry are to be applied to the amounts owing for the hospital services specified, and excess monies must be refunded to the insured, Henry.
Accordingly, the judgment below is REVERSED and the cause REMANDED for further proceedings consistent herewith.
McCORD, C.J., and MILLS, J., concur.