380 So.2d 1162 (1980)
ALARM SYSTEMS OF FLORIDA, INC., Appellant,
v.
Edward R. SINGER et al., Appellees.
Edward R. SINGER et al., Appellants,
v.
ALARM SYSTEMS OF FLORIDA, INC., Appellee.
Nos. 79-1308, 79-1708.
District Court of Appeal of Florida, Third District.
March 11, 1980.
Preddy, Kutner & Hardy and Edward C. Rubinoff, Miami, for Alarm Systems.
Paige & Catlin and Kyle R. Saxon, Miami, for Singer's and St. Paul.
Before BARKDULL and BASKIN, JJ., and EZELL, BOYCE F., Jr. (Ret.), Associate Judge.
BARKDULL, Judge.
Following the prior opinion in this cause, reported in Singer v. I.A. Durbin, Inc., 348 So.2d 370 (Fla. 3d DCA 1977), this matter recurred in the trial court for a trial of the issues as made by the pleadings. The trial resulted in a judgment in favor of St. Paul Fire Insurance Co. on the amount it had paid on the loss occasioned by the burglary of scheduled items of personal property, and liquidated the amount claimed by the Singers to have been the loss of non-scheduled property, to wit: certain jewelry; and thereupon entered a final judgment for said amounts and incorporated pre-judgment interest from the date of the burglary for Singer and from date of payment by St. Paul Fire Insurance Co. Alarm Systems filed a notice of appeal and thereafter filed a motion to amend the judgment by striking the pre-judgment interest. The trial judge granted the motion to amend, struck the pre-judgment interest, and the plaintiffs appeal this order which appeal was consolidated with the earlier appeal from the judgment in chief.
*1163 We affirm the final judgment as rendered by the trial judge as to the amount of the loss and the responsibility of the defendant for such loss, there being ample evidence to support such recovery under the issues as made by the pleadings. We find that the trial judge was without authority to disturb the final judgment, which was then on appeal, by the motion to amend to strike the pre-judgment interest. Liberman v. Rhyne, 248 So.2d 242 (Fla. 3d DCA 1971); State v. Seay, 355 So.2d 822 (Fla. 4th DCA 1978); General Portland Land Development Company v. Stevens, 356 So.2d 840 (Fla. 4th DCA 1978).
However, concerning the appellant's point addressed to the pre-judgment interest (preserved in the original appellate proceedings), we find that the trial court was correct in awarding the pre-judgment interest to St. Paul Fire Insurance Co., because its claim was liquidated in amount when it paid the damages for the loss of the scheduled items; this was a fixed amount as of the time it was paid and interest should be allowed from the date of the payment.
As to the interest awarded to the Singers, we reverse. Their claim for damages for the loss was not fixed until a determination was made by the trier of fact as to amount and, therefore, it was unliquidated and no pre-judgment interest should have been awarded. Vacation Prizes, Inc. v. City National Bank of Miami Beach, 227 So.2d 352 (Fla. 2d DCA 1972); McCoy v. Rudd, 367 So.2d 1080 (Fla. 1st DCA 1979).
The final judgment, as originally entered on June 11, 1979, be and the same is hereby affirmed, except that portion which awarded pre-judgment interest to the Singers and, in that respect, it is hereby modified by striking said interest award.
Affirmed, as modified.