415 So.2d 765 (1982)
BERGEN BRUNSWIG CORPORATION and Health Application Systems, Inc., Appellants,
v.
STATE of Florida DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
Nos. AB-412, XX-386.
District Court of Appeal of Florida, First District.
May 21, 1982.
Rehearing Denied July 15, 1982.
*766 F. Perry Odom, C. Everett Boyd, and Mary Lee Sweet, of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellants.
M. Stephen Turner, of Culpepper, Beatty & Turner, Tallahassee, for appellee.
WENTWORTH, Judge.
Appellants seek review of an order by which they were adjudged liable for the misappropriation and misuse of funds derived pursuant to a contractual arrangement involving various entities including appellants and appellee; appellee cross-appeals. We conclude that the lower court's denial of prejudgment interest was error, and we otherwise affirm the order appealed.
Appellee is a body corporate and statutorily possessed of the power "to sue and be sued in actions ex contractu but not in torts... ." § 402.34, Florida Statutes. Appellants argue, among various other contentions, that this statutory limitation deprives the circuit court of subject matter jurisdiction as to tort actions brought by appellee; appellants further argue that the present case is primarily a tort action. However, the circuit court is generally possessed of subject matter jurisdiction in tort actions, and, contrary to appellants' contention, § 402.34 does not alter that jurisdiction, but rather delimits appellee's capacity to sue by describing those instances in which the established jurisdiction of the court may be invoked. Cf., State ex rel. Jacksonville Gas Co. v. Lewis, 125 Fla. 816, 170 So. 306 (1936). Since appellants declined to raise a "lack of capacity" argument before the circuit court, this argument may not now be pursued on appeal. Cf., Cowart v. City of West Palm Beach, 255 So.2d 673 (Fla. 1971).
Appellants also argue that the circumstances of the present case do not support *767 appellee's claim of conversion.[1] Appellee established the misappropriation and misuse of funds which were provided for a specific purpose with an express direction that the funds be used for no other purpose. The wrongful use of such funds, contrary to appellee's express instruction, constitutes conversion. See All Cargo Transport Inc. v. Florida East Coast Railway Co., 355 So.2d 178 (Fla. 3d DCA 1978).
On cross-appeal appellee contends that the lower court erred in denying the claim for prejudgment interest. Such interest may be awarded in conversion and ex contractu actions. See Gillette v. Stapleton, 336 So.2d 1226 (Fla. 2d DCA 1976), and Srybnik v. Ice Tower, Inc., 183 So.2d 224 (Fla. 3d DCA 1966). Although it has sometimes been indicated that prejudgment interest is appropriate only where damages are liquidated, in Florida the distinction between liquidated and unliquidated damages "has been substantially blurred." See Town of Longboat Key v. Carl E. Widell & Son, 362 So.2d 719 (Fla. 2d DCA 1978). Accordingly, in Florida there has evolved a principle that prejudgment interest may be awarded when damages are a fixed sum or an amount readily ascertainable by simple calculation and not dependent on the resolution of conflicting evidence, inferences, and interpretations. See Alarm Systems of Florida, Inc. v. Singer, 380 So.2d 1162 (Fla. 3d DCA 1980); Town of Longboat Key v. Carl E. Widell & Son, supra; also see Tampa Electric Co. v. Nashville Coal Co., 214 F. Supp. 647 (M.D.Tenn. 1963). Indeed, this court has recited such, in dicta, as the applicable rule. See McCoy v. Rudd, 367 So.2d 1080 (Fla. 1st DCA 1979). However, we now determine that the better view is expressed in the case of Tech Corp. v. Permutit Co., 321 So.2d 562 (Fla. 4th DCA 1975), where the court held that, for the purpose of assessing prejudgment interest, a claim becomes liquidated and susceptible of prejudgment interest when a verdict has the effect of fixing damages as of a prior date. Such a rule eliminates the unwarranted disparate treatment of those litigants who contest liability only, and those who contest the measure of damages.
In the present case the jury verdict established the amount of damages, and the record evidence indicates that, due to appellee's dissatisfaction with appellants' performance, the parties' contractual relationship was terminated by formal notice prior to the commencement of the proceeding below. The jury verdict in this case thus had the effect of fixing damages as of a prior date, and therefore prejudgment interest should have been awarded.[2]
The order appealed is reversed insofar as it denies the claim for prejudgment interest. The order is otherwise affirmed, and the cause is remanded for further proceedings consistent with this opinion.
MILLS, J., and WILLIAM C. OWEN, Jr. (Ret.), Associate Judge, concur.
NOTES
[1] Appellee presented the case under multiple theories of recovery, and successfully obtained a general jury verdict despite appellants' request for a special verdict. Accordingly, it is necessary on appeal that the verdict be without error on every theory of recovery. See Colonial Stores Inc. v. Scarbrough, 355 So.2d 1181 (Fla. 1978).
[2] In accordance with the parties' stipulation, the issue of prejudgment interest was submitted to the trial judge after the jury returned a verdict.