416 So.2d 1176 (1982)
A.O. SMITH HARVESTORE PRODUCTS, INC., an Illinois Corporation, Appellant,
v.
SUBER CATTLE COMPANY, a Florida Corporation and Florida Farm Bureau Insurance Company, an Insurance Company Authorized to Do Business in Florida, Appellees.
Nos. AF-458, AF-459.
District Court of Appeal of Florida, First District.
June 18, 1982.
Rehearing Denied August 3, 1982.
*1177 R. Jeremy Solomon of Booth & Conner, P.A., Tallahassee, for appellant.
Dewey M. Johnson and Jack A. Harnett of Johnson, Harnett, Curry & Slay, Quincy, for Suber Cattle Company; E. Harper Field and David P. Heath of Field, Granger, Santry & Mitchell, P.A., Tallahassee, for Florida Farm Bureau, appellees.
WENTWORTH, Judge.
Appellant Harvestore seeks review of a final judgment, entered pursuant to a jury verdict finding negligence and breach of warranty of fitness. Appellee Florida Farm Bureau Insurance Company (FFB) cross-appeals the order of the trial court denying its post-verdict motion for prejudgment interest. We affirm the final judgment, but conclude that the denial of prejudgment interest was error.
Appellant is a company which manufactures specialized high-moisture feed silos called Harvestores. These silos are designed to be oxygen limiting so that the feed remains moist and may be digested more efficiently by cattle. The result is that less feed is required to establish the desired weight gain than if conventional dry feed is used. Appellee Suber Cattle Co. (Suber) purchased two of these Harvestores in 1967 and 1968. In late August of 1975, the grain unloader in one of the Harvestores became inoperable. In order to get the grain out of that silo, Suber used a substitute auger which permitted air to enter. In November, 1975, a fire began in that Harvestore and the Quincy Fire Department and Gretna Volunteer Fire Department were called to the scene. The firefighters, not knowing how to fight the fire, used water which made the situation worse.[1] Later, an explosion blew the top off of the Harvestore, and as a result, a substantial portion of Suber's feed mill complex was destroyed by fire.
*1178 FFB paid Suber for the property damage but not for any business loss. Therefore, Suber and FFB brought a suit against Harvestore alleging negligence and breach of warranty. FFB sought reimbursement for the sums paid to Suber, and Suber sought recovery for alleged loss of business. The jury verdict in favor of the plaintiffs attributed 10% of the fault to Suber for negligence.
In its first point on appeal, Harvestore argues that the evidence of business loss presented by Suber was too speculative and conjectural as a matter of law to be presented to the jury. While we agree that the business loss damages might have been more definitively established, the evidence was sufficient to form a reasonable basis upon which the jury could have found the existence and amount of damages. The law requires only that the evidence be of "such certainty as satisfies the mind of a prudent and impartial person." Twyman v. Roell, 123 Fla. 2, 166 So.2d 215, 218 (1936). Inability to give the exact or precise amount of damages does not preclude recovery. Conner v. Atlas Aircraft, 310 So.2d 352 (Fla. 3d DCA 1975). We therefore decline to disturb the jury verdict.
Harvestore next argues that the verdict was contrary to the law and evidence, because of its contention that no evidence was presented on the existence of a dangerous risk requiring a duty to warn; the evidence showed that the Harvestore was almost fireproof, and safer than conventional silos even when used improperly. Therefore, according to Harvestore, there was no duty to provide instructions. Harvestore's argument would indicate a misunderstanding of the plaintiffs' allegations. The special risk asserted is the risk involved in failing to strictly observe the directions for use. The testimony substantiates the unique components of the Harvestore in that in order to process the high-moisture feed, the system must be virtually oxygen free. Several witnesses testified that they understood the reason for not allowing oxygen into the system to be that its presence would impede that process. However, there was no evidence that Harvestore warned its customers of the special risk of spontaneous combustion and fire control if oxygen entered the system. It was that unique aspect of the Harvestore silos which was the basis for the assertion of increased risk from spontaneous combustion and which forms the basis for finding a duty to warn.
Finally, Harvestore raises as error the trial court's failure to give several allegedly requested jury instructions. However, there is no evidence in the record that the instructions were in fact requested or that there was any objection to their omission. We therefore decline to address this point. Fla.R.Civ.P. 1.470(b).
On the cross-appeal, FFB argues that the trial judge erred in denying its motion for prejudgment interest, because its damages were liquidated at the time it issued the last draft to Suber Cattle Company. Harvestore argues that prejudgment interest was not appropriate in this case, because the amount of damages was in dispute and it could not have known what sum was owed until the jury spoke. See McCoy v. Rudd, 367 So.2d 1080 (Fla. 1st DCA 1979).
Initially we note that the persuasiveness of Harvestore's argument is diminished if not obliterated by our opinion in Bergen Brunswig Corporation v. Dept. of Health and Rehabilitative Services, 415 So.2d 765 (Fla. 1st DCA 1982). However, we need not rely on Bergen Brunswig in determining whether prejudgment interest was proper in this case, because the damages incurred by FFB were fixed at the time it paid Suber and were never disputed in the proceedings below. Therefore, even under the traditional principles for awarding prejudgment interest, it was proper here.
Harvestore also argues that FFB was not entitled to prejudgment interest because the jury did not award it and because the rights of the insurer cannot be greater than those of the insured. Since Suber was not entitled to interest, Harvestore maintains *1179 that its insurer could not be. Neither of these contentions has merit.
First, prejudgment interest is permissible even though a verdict fails to allow it or indicate a decision to allow interest. Broward County v. Sattler, 400 So.2d 1031 (Fla. 4th DCA 1981). Second, an insurance company may be entitled to prejudgment interest when a cause is based on breach of warranty and negligence even though the insured in not so entitled. Alarm Systems of Florida v. Singer, 380 So.2d 1162 (Fla. 3d DCA 1981) and Singer v. Durbin, 348 So.2d 370 (Fla. 3d DCA 1977). This case presents such a situation because the damages sought by FFB (reimbursement for sums paid) were separate and distinct from those sought by Suber (recovery of uninsured losses).[2] As previously noted, FFB's damages were fixed as of a prior date and prejudgment interest should have been awarded.
The final judgment is AFFIRMED, but the order denying FFB's motion for prejudgment interest is REVERSED, and this cause is REMANDED for further proceedings consistent with this opinion.
ERVIN and SHIVERS, JJ., concur.
NOTES
[1] Evidence at trial indicated that the fire could have been contained by either sealing the Harvestore or using CO[2].
[2] This assumes, although we need not so decide, that Suber would not be entitled to interest.