SCHWARTZ, Chief Judge.
The appellant was held in contempt for his failure to make a $50,000 payment due December 31, 1982 under a “property settlement” agreement with his ex-wife. The issues presented which concern the availability of contempt to enforce this obligation, compare Salomon v. Salomon, 196 So.2d 111 (Fla.1967) with Zuccarello v. Zuccarello, 429 So.2d 68 (Fla. 3d DCA 1983), and the technical sufficiency of the orders below, see Hammond v. Sandstrom, 376 So.2d 466 (Fla. 3d DCA 1979), have been completely mooted both by the fact that Planes has posted a supersedeas bond, which — the appellant concedes — assures payment of the underlying obligation without reference to the contempt power and by Ms. Planes’s specific waiver, in the light of her ability to resort to the bond, of any interest in enforcing the orders for payment by requiring Planes’s imprisonment.
As to the merit's of the order for the payment of $50,000, the only question now before us, we find no error with the exception of the trial court’s failure to reduce the amount due by $14,201.80. That figure represents the total of several checks made payable by Mr. Planes to Ms. Planes which bore the legend “for: advancement on payment of monies due on December 31, 1982 per marital settlement agreement dated October 15, 1980.”[1] Having cashed these checks, Ms. Planes may not now claim that they are not to be applied to reduce the designated obligation. Henry v. Halifax *368 Hospital District, 368 So.2d 432 (Fla. 1st DCA 1979); see Pino v. Lopez, 361 So.2d 192 (Fla. 3d DCA 1978), cert. dismissed, 365 So.2d 714 (Fla.1978). Accordingly, the orders under review are affirmed as modified by reducing the $50,000 obligation to $35,-798.20, plus interest from December 31, 1982.
Affirmed as modified.

. We do not include in this group a $1,485.97 check on which this language was substituted in Mr. Planes's handwriting at an unknown time for the typewritten statement, "Reimbursement for car repairs at Sun Chevrolet," which was crossed out.