MYRON I. STONE, Transferee, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Stone v. Commissioner
Docket No. 25661-81.
United States Tax Court
T.C. Memo 1985-405; 1985 Tax Ct. Memo LEXIS 217; 50 T.C.M. (CCH) 683; T.C.M. (RIA) 85405; August 12, 1985. Morton D. Rosenthal, for the petitioner. Todd K. Snyder, for the respondent. RAUM
SUPPLEMENTAL MEMORANDUM OPINION RAUM, Judge: Pursuant to our prior opinion in this case, Stone v. Commissioner,T.C. Memo. 1984-650, 49 T.C.M. 314, 53 P-H Memo T.C. par. 84,650 (1984), decision was entered December 17, 1984, to the effect that petitioner is liable to the extent of $120,780.95 as transferee of the assets of his parents, the taxpayers. The decision made no provision for interest against petitioner. The Government has filed a motion asking that the decision be revised to provide for interest on the amount of petitioner's *218 transferee liability from January 30, 1978, the date that the assets were transferred to him by each of his parents. Petitioner does not object to adding a provision for interest, but contends only that interest should run from the date of this Court's decision. We considered at length the matter of interest in transferee cases in Lowy v. Commissioner,35 T.C. 393 (1960). We there pointed out that the extent of the transferor-taxpayer's liability, consisting of tax, additions, and interest, is determined by Federal law. On the other hand, we were careful to recognize that where the amount of the transferred assets is less than the transferor-taxpayer's liability, the transferee is accountable for interest only under applicable state law "in respect of the transferred assets", just as his basic transferee liability rests upon state law. 35 T.C. at 395. The parties hereto agree that since the value of the transferred assets in this case ($120,780.55) was less than the amount of the transferors' liability ($175,242.84), the interest against petitioner in respect of the transferred assets must be determined in accordance with the law of Florida, the *219 transferors' state of residence at the time of transfers. However, they disagree as to whether, under Florida law, petitioner is liable for interest from the date of the transfers, as contended by the Government, or from the date of final decision herein, as urged by petitioner. We hold that the Government's position is correct. Almost 90 years ago, the Florida Supreme Court held that interest was to be ( Sullivan v. McMillan,19 So. 340, 343 (Fla. 1896) (citing State v. Lott,69 Ala. 147 (1881))
regarded, not as the mere incident of a debt, attaching only to contracts, express or implied, for the payment of money, but as compensation for the use or for the detention of money. Whenever it is ascertained that at a particular time money ought to have been paid, whether in satisfaction of a debt, or as compensation for a breach of duty, or for a failure to keep a contract, interest attaches as an incident. See also Treadway v. Terrell,158 So. 512, 519 (Fla. 1935) (Brown, J., concurring). Application of this principle in the commercial context of contract law has resulted in a rule allowing "prejudgement interest where a claim *220 is liquidated, but not where a claim is unliquidated". [1]Town of Longboat Key v. Carl E. Widell & Son,362 So.2d 719, 723 (Fla. Dist. Ct. App. 1978). See also Tampa Electric Company v. Nashville Coal Company,214 F. Supp. 647 (M.D. Tenn. 1963). A "claim is unliquidated when the amount of damages cannot be computed except on conflicting evidence, inferences and interpretations". Town of Longboat Key v. Carl E. Widell & Son,supra,362 So.2d at 723. [2] Thus ( Parker v. Brinson Construction Company,78 So.2d 873, 874 (Fla. 1955)): in actions ex contractu it is proper to allow interest at the legal rate from the date the debt was due. Sullivan v. McMillan, 37 Fla. 134, 19 So. 340, 53 Am.St.Rep. 239; McMillan v. Warren, 59 Fla. 578, 52 So. 825. The fact that there is an honest and bona-fide dispute as to whether the debt is actually due has no bearing on the question. The rule is that if it is finally determined that the debt was due, the person to whom it was due is entitled not only to the payment of the principal of the debt but to interest at the lawful rate from the due date thereof. *221 See also English and American Ins. Co. v. Swain Groves, Inc.,218 So.2d 453, 457 (Fla. Dist. Ct. App. 1969). These rules are dispositive *222 of the issue presented in respondent's motion. Prior to the January 30, 1978 transfers, the United States, through the Commissioner's January 20, 1978 assessments, had become a creditor of the transferors. The transfers, which we "deemed * * * utterly void" (Fla. Stat. Ann. section 726.01), did nothing more than place petitioner in the transferors' shoes as debtor to the extent of the transferred assets. Thus, a "debt [was] * * * actually due" ( Parker v. Brinson Construction Company,supra) from petitioner as of the time of the transfers. The transfers immediately allowed petitioner the use of property of the creditor (i.e., the United States), and, as a result, he must under Florida law compensate the creditor by the way of interest for wrongfully withholding that property from the creditor. There can be no serious question that the Government's claim against petitioner was "liquidated" as of the date of the transfers. No "calculations" were necessary to determine the amount of the claim. Cf. Mysse v. Commissioner,57 T.C. 680, 704 (1972). Because the amount of the transferors' income tax deficiencies plus statutory additions ($175,242.84) *223 exceeded the value of the transferred assets ($120,780.55), petitioner's liability was equal only to the total value of the assets. That amount was stipulated and undisputed. Indeed, as made clear by the pleadings, the total value of the transferred assets ($120,780.55) has never been in dispute herein. Paragraph 7(e) of the Commissioner's Answer set forth that amount, and although petitioner's Reply challenged certain other allegations in paragraph 7(e), it admitted "the remaining allegations of the said sub-pargraph (e)". Moreover, that amount was equal to the sum of the amounts stated in the documents, signed by petitioner and the transferors, evidencing their purported "sale" of the assets of petitioner. See A.O. Smith Harvestore v. Suber Cattle Co.,416 So.2d 1176, 1178 (Fla. Dist. Ct. App. 1982). Regardless of what the law may be either in Florida or any other state in respect of interest on unliquidated damages, this is not such a case. Although the Florida cases making the running of interest turn upon whether the damages are liquidated or unliquidated generally involve controversies in the commercial or torts area, the reasoning employed therein would *224 seem to apply equally to the present case, and we have no grounds for concluding that the Supreme Court of Florida would reach a different result here. Petitioner's contention that the amount involved herein is to be treated as unliquidated until the date of our decision must fail. Accordingly, petitioner is liable for interest in respect of the transferred assets from January 30, 1978, the date of the transfers. [3]
*225 The motion will be granted and the decision heretofore entered will be revised accordingly.
Footnotes
1. Interest has not been allowed on an unliquidated claim "as the person liable can be in no default for not paying where he does not know what sum he owes". 32 Fla. Jur. 2d Interest and Usury Sec. 5.↩
2. The court in Bergen Brunswig Corp. v. State, Etc.,415 So. 2d 765, 767 (Fla. Dist. Ct. App. 1982), pet. for rev. denied 426 So.2d 25 (Fla. 1983), held that the jury verdict in that case "had the effect of fixing damages as of a prior date", and that therefore prejudgment interest should have been awarded. The court thus went even further than prior Florida law which treated damages as liquidated if they "are * * * readily ascertainable by simple calculation and not dependent on the resolution of conflicting evidence, inferences, and interpretations". (415 So.2d at 767). Whether Bergen Brunswig Corp.'s↩ extension of prior law would be followed by the Supreme Court of Florida is not of critical importance here, because the Government's position is amply supported by prior law.
3. Section 55.03, Fla. Stat. Ann., relied upon by petitioner, is inapposite. That section provides for interest in respect of a "judgment or decree". See Walker Fertilizer Co. v. Race,166 So. 283, 288↩ (Fla. 1936). No such question is involved herein. The question now before us relates to the amount of petitioner's liability, including interest that has already accrued against him prior to the date of "judgment or decree". The foregoing section and its predecessors have been part of the statutory law of Florida for over 100 years. Yet the Florida cases cited herein turning upon the liquidated versus unliquidated character of damages have not found it appropriate or necessary to reach a different result by reason of that section of the Florida statutes.