GOSHORN, Judge.
Adidas Distribution Central, Inc. (Adidas) appeals the final judgment awarding it $1,825.01 from Donald Wright, the personal guarantor of Sporting Goods Management, Inc. (Sporting Goods). This appeal centers on a debt owed by Sporting Goods to Adidas, and what portion of it Wright personally guaranteed. We agree with Adidas that the trial court erred in apportioning several payments to that part of the debt personally guaranteed by Wright and reverse.
Adidas filed suit against Sporting Goods and Wright in June 1988, alleging Wright was in default of a personal guarantee of payment he had executed and delivered to Adidas on May 5, 1986. This guarantee was not properly notarized and Adidas sent Wright another identical guarantee form which was properly executed on July 3, 1986 and returned to Adidas. Adidas alleged that it extended credit to Sporting Goods pursuant to these two guarantees and Wright defaulted in the amount of $13,661.99.
The matter was tried non-jury. Adidas presented a billing statement showing that between May 21, 1986 and April 24, 1987 Sporting Goods purchased $39,085.25 in goods and made payments of $25,423.26, leaving an outstanding balance of $13,-661.99.
Wright testified that he formed Sporting Goods in 1985. Wright denied signing the May 5, 1986 guarantee, although he admitted that the signature on the form bore a likeness to his own signature. Wright insisted that he only signed the July 3, 1986 guarantee and did not even become aware of the May 5 guarantee until mid-1987. Wright further testified that it was his policy only to guarantee future shipments and thus he was not personally liable for shipments from Adidas ordered before July 3, 1986.
The trial court ruled that Wright did not undertake to guarantee debt accrued *697 prior to his signing of the July 3, 1986 guarantee, and so was personally liable only for $15,379.01 charged after the guarantee was executed. The court then found that payments of $13,554.00 were made under the guarantee. This sum consisted of payments made by Robert Worman, the attorney for Sporting Goods, to Adidas. These payments did not designate the manner in which they were to be applied to Sporting Goods’ outstanding debt. Further, Worman testified that he was not representing Wright at the time the checks were written. Wright was, in fact, represented by separate counsel. We find the trial court erred in applying these payments to that portion of the debt guaranteed by Wright since attorney Worman did not represent Wright and the payments themselves evinced no indication of the manner in which they were intended to be applied toward the debt or that they were made for the benefit of Wright.
Florida conforms to the rule that, in absence of an agreement of the parties to the contrary, a court will apply payments to first discharge the oldest portions of a debt. Petrousta v. H.C. Schrader Company, 76 Fla. 574, 80 So. 486 (1918).[1] In this instance, it is clear that no agreement existed between Adidas, Wright and Sporting Goods apportioning payments to a particular part of the debt. Moreover, “It is equitable to apply payments first to extinguish those debts for which security is most precarious.” Randall v. Pettes, 12 Fla. 517, 535 (1868). Accordingly, we hold that the payments made by Worman on behalf of Sporting Goods ought to have been applied to the oldest and unsecured portion of the debt, accrued prior to Wright’s execution of the July 3, 1986 guarantee. Apart from the three payments of $13,554 credited to those purchases made under Wright’s guarantee, other payments totalling $11,869.26 were made to Adidas. After these latter payments are applied to discharge the earliest accrued debt, a total debt of $13,661.99 remains, all of which was incurred after Wright’s assumption of personal liability on July 3, 1986.
We reverse and remand for entry of judgment against Wright in the amount of $13,661.99 together with twelve percent interest per annum retroactive to the date of the final judgment.
REVERSED and REMANDED.
COWART and HARRIS, JJ., concur.
ON MOTION FOR CLARIFICATION
BY ORDER OF THE COURT:
It appearing that the provision of the original judgment below which provided for prejudgment interest from the date of the debt was not contested on appeal, it is
ORDERED that Appellant’s MOTION FOR CLARIFICATION, filed June 21, 1991, is granted and the June 6,1991, Opinion of this Court is construed to entitle Appellant to prejudgment interest from May 24, 1987.

. We recognize that the guarantee contains a provision providing that payments made under the guarantee are to be construed in accordance with Michigan law. However, Florida law governs those payments not made pursuant to the guarantee.