PER CURIAM.
Appellant seeks reversal of a final judgment awarding appellee $92,341.99 as his share of the profits earned by a Trust in which both own an interest. Because appellant has failed to demonstrate a basis on the record for reversal, we affirm this final judgment.
However, we do agree that the award of prejudgment interest, which was made in a separate final order,[1] was improper. In Argonaut Insurance Co. v. May, 474 So.2d 212 (Fla.1985), the supreme court approved this court’s decision in Bergen Brunswig Corp. v. State, 415 So.2d 765, 767 (Fla. 1st DCA 1982), where it was stated that “for the purpose of assessing prejudgment interest, a claim becomes liquidated and susceptible of prejudgment interest when a verdict has the effect of fixing damages as of a prior date.” (Emphasis added). In the instant final order, the lower court, which acted as the fact finder, awarded prejudgment interest as of the date of the last day of trial and continuing until the date of entry of the final judgment some eight months later; the lower court did not, however, determine in the final judgment that damages were due as of a date certain prior to the entry of the final judgment. Accordingly, prejudgment interest was improperly awarded.
Therefore, the final judgment is AFFIRMED but the award of prejudgment interest is REVERSED. It should be noted that the award of costs made in the final order entered has not been challenged, and so the award of costs is not disturbed.
BOOTH, SMITH and WEBSTER, JJ., concur.

. See, McGurn v. Scott, 573 So.2d 414 (Fla. 1st DCA 1991), affirmed in part, reversed in part, McGurn v. Scott, 596 So.2d 1042 (Fla.1992).