[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-11813
Non-Argument Calendar

_____

D.C. Docket Nos. 1:18-cv-21896-KMW; 1:17-bkc-18157-LMI

In re: ALBERTO SOLER SOMOHANO,

Debtor.

_____

ALBERTO SOLER SOMOHANO,

Plaintiff - Appellant,

versus

PRA RECEIVABLES MANAGEMENT LLC,
CAVALRY SPV I, LLC,

Defendants - Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(July 23, 2020)

Before WILLIAM PRYOR, Chief Judge, JILL PRYOR and NEWSOM, Circuit Judges.

PER CURIAM:

This appeal concerns claims under the Fair Debt Collection Practices Act ("FDCPA") asserted by Alberto Soler Somohano ("Soler") against his former-creditors PRA Receivables Management LLC and Cavalry SPV I, LLC. Because Soler's FDCPA claims are without merit, we affirm the lower courts' dismissal of them.

## I

During Soler's Chapter 13 bankruptcy, his creditors filed proofs of claim alleging that Soler owed unsecured credit-card debts to them. Following Soler's objection, the bankruptcy court agreed that the claims were time-barred. Soler then initiated an adversary proceeding against his former creditors alleging that their filings of proofs of claim were fraudulent, warranted various sanctions, violated the bankruptcy court's automatic stay, and violated the FDCPA—as well as related claims against his bankruptcy trustee.

The bankruptcy court concluded that Soler's claims lacked merit and dismissed them: Regarding the FDCPA, it held that because (1) the defendants' filings disclosed that their claims were stale, and (2) the right to payment under state law continues even if the statute of limitations extinguishes the remedy, under *Midland Funding, LLC v. Johnson*, 137 S. Ct. 1407 (2017), defendants' filings had

2

not violated the FDCPA.  Regarding the remaining claims, the bankruptcy court concluded that filing lawful claims did not violate the automatic stay, filing time-barred claims that admit on their face that they are stale was not fraudulent, and sanctions were inappropriate.  The bankruptcy court later denied Soler's motion for reconsideration.  The district court affirmed the dismissal and subsequent denial of reconsideration, and also denied Soler's new motion for reconsideration.[1]

This appeal followed, but concerns only Soler's FDCPA claims against PRA and Cavalry.[2]  Like the district court, we affirm the dismissal of those claims.

## II

Rule 12(b)(6) of the Federal Rules of Civil Procedure "authorizes a court to dismiss a claim on the basis of a dispositive issue of law."  *Neitzke v. Williams*, 490 U.S. 319, 326 (1989).  Thus, a motion to dismiss for failure to state a claim must

---

[1] The district court further concluded that Cavalry was not properly a party to Soler's appeal, a decision Soler also presents to us.  Because we hold that Soler's underlying claims against both Cavalry and PRA are without merit, we need not decide this issue.  *See, e.g.*, *In re Fisher Island Investments, Inc.*, 778 F.3d 1172, 1189, 1197–98 (11th Cir. 2015) (applying harmless-error analysis in a bankruptcy suit); *In re Club Associates*, 956 F.2d 1065, 1071 (11th Cir. 1992) (same).

[2] For the sake of brevity, and because we assume the parties' familiarity with the case, we are largely omitting some complicated procedural posturing that is not at issue today.  We do note, however, that because Soler's initial brief did not challenge the lower courts' conclusions that PRA's filing of time-barred claims does not violate the automatic stay or warrant sanctions, he has abandoned those issues.  *See Timson v. Sampson*, 518 F.3d 870, 874 (11th Cir. 2008).  Any argument regarding the lower courts' denials of his motions for reconsideration is similarly waived.  *Id.*  In addition, Soler forfeited any argument regarding the constitutionality of 11 U.S.C. § 704(a)(5), as he failed to raise it before the bankruptcy court.  *See Fisher Island*, 778 F.3d at 1193.

be granted "if[,] as a matter of law, 'it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations.'" *Id.* at 327 (quoting *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984)). We review a 12(b)(6) dismissal de novo, accepting the plaintiff's factual allegations and construing them in the light most favorable to him or her. *In re Fundamental Long Term Care, Inc.*, 873 F.3d 1325, 1334–35 (11th Cir. 2017).

The FDCPA prohibits a debt collector from making a "false, deceptive, or misleading representation" or using any "unfair or unconscionable means" to collect, or attempt to collect, a debt. 15 U.S.C. §§ 1692e, 1692f. It provides a private right of action in which any debt collector that violates its provisions is liable for actual and statutory damages, attorneys' fees, and costs. *Owen v. I.C. Sys., Inc.*, 629 F.3d 1263, 1270 (11th Cir. 2011).

The parties dispute whether a debt collector's filing of a claim barred by the statute of limitations violates the FDCPA. We previously ruled that it did. *Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1261 (11th Cir. 2014). Our decision in *Crawford*, however, was effectively overruled by the Supreme Court in *Midland Funding*. 137 S. Ct. at 1415–16. We are therefore no longer bound by it. *See Robinson v. Tyson Foods, Inc.*, 595 F.3d 1269, 1274 (11th Cir. 2010).

In *Midland Funding*, the Supreme Court held that a debt collector's filing of a proof of claim that clearly indicated that the statute of limitations period had run

4

"[wa]s not false, deceptive, misleading, unfair, or unconscionable" within the meaning of the FDCPA. 137 S. Ct. at 1415–16. Like the case before us, *Midland Funding* involved a petitioner, Midland Funding, LLC, that submitted a proof of claim against a debtor who owed it a credit-card debt. *Id.* at 1411. The statute of limitations on the debt was six years, and Midland's proof of claim stated that the latest charge occurred more than ten years before the debtor's bankruptcy. *Id.* Just as we have here, the district court therefore disallowed the claim, and the debtor subsequently filed an adversary proceeding. *Id.*

The Supreme Court concluded that Midland's filing of the time-barred claim was not "false, deceptive, or misleading" under the FDCPA because its proof of claim indicated on its face that the statute of limitations period had run and the proof of claim was still a "claim" as defined in the Bankruptcy Code. *Id.* Noting that the Bankruptcy Code defined a "claim" as a "right to payment," the Court explained that, even if the claim is barred by the statute of limitations, a debt collector has a "claim" if it continues to have a right to payment under state law after the statute of limitations has run. *Id.*

In our case, which is controlled by Florida state law, the statute of limitations to file an action regarding a debt is five years. Fla. Stat. § 95.11(2)(b). Even after the statute of limitations extinguishes the remedy, however, the right to

5

payment of a debt continues to exist. *Danielson v. Line*, 185 So. 332, 333 (Fla. 1938).

Our course is thus clear. Soler's claims are squarely controlled—and barred—by *Midland Funding*. PRA and Cavalry's proofs of claim, all filed in October 2017, show on their face that they are barred by Florida's five-year statute of limitations: PRA filed two proofs of claim, each stating that the last payment and transaction for the respective credit-card account took place in August 2011, and the charge-off date for the debts was in March 2012. Cavalry's proof of claim stated that the last payment and transaction occurred in July 2011, and the charge-off date was in February 2012. Like the claim submitted by Midland, therefore, the claims indicated on their faces that the limitations period had run, and were not "false, deceptive, or misleading" under the FDCPA. Despite the statute of limitations, PRA and Cavalry had a continuing right to payment and the right to submit proofs of claim in Soler's bankruptcy proceeding.

\* \* \*

The bankruptcy court correctly determined that Soler failed to state an FDCPA claim against either PRA or Cavalry. We affirm its dismissal.

**AFFIRMED.**

6